J-S42005-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LOUIS RICE | |
| Appellant | No. 1125 WDA 1013 |

Appeal from the Judgment of Sentence January 18, 2013
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0004804-2012
CP-02-CR-0004805-2012

BEFORE:  PANELLA, J., JENKINS, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.              **FILED SEPTEMBER 12, 2014**

Appellant, Louis Rice, appeals from the judgment of sentence entered on January 18, 2013, by the Honorable Edward J. Borkowski, Court of Common Pleas of Allegheny County. After careful review, we affirm.

Rice committed a series of armed robberies.  In one, he held a knife to a woman's neck; in another, he fired a shot inside the store he was robbing. There are more examples of such behavior in the record.  **See** N.T., Guilty Plea Hearing, 10/12/12, at 9-20.  He committed most of the robberies with accomplices.  Rice ultimately entered a guilty plea to, among other things, 22 counts of robbery.  The trial court sentenced Rice to an aggregate term of 25 to 50 years' incarceration—a result of running several of the robbery

sentences consecutively. This timely appeal follows. On appeal, Rice's sole claim is that the trial court imposed an excessive sentence.

Rice challenges the discretionary aspects of his sentence. A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute. *See Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> [We] conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Here, Rice filed a timely appeal and challenged his sentence in a post-sentence motion. Rice's appellate brief also contains the requisite 2119(f) concise statement, in which he argues that the trial court's cumulative sentence of 25 to 50 years' incarceration was unreasonable and so manifestly excessive as to constitute an abuse of discretion. *See* Appellant's Brief at 10. He also claims that the trial court failed to properly consider his rehabilitative needs. *See id*.

"[A] sentencing court generally has discretion to impose multiple sentences concurrently or consecutively, and a challenge to the exercise of that discretion does not ordinarily raise a substantial question." *Commonwealth v. Raven*, ___ A.3d ___, ____, 2014 WL 3907103, *6 (Pa. Super., filed August 12, 2014) (citation omitted). "[T]he key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case." *Id*. (citation omitted). Rice fails to raise a substantial question as to the consecutive nature of his sentence in this case. We need only look at the sheer breadth of Rice's robbery spree and the number of people terrorized by his criminal acts to find that the sentence is not excessive.

As for his claim that the trial court failed to properly consider his rehabilitative needs and his claims elsewhere in his brief that the trial court failed to adequately consider other mitigating factors, we note that such claims do not raise a substantial question for our review. *See*, *e.g.*, *Commonwealth v. Dodge*, 77 A.3d 1263, 1272 n.8 (Pa. Super. 2013).

Indeed, the trial court in this case had a pre-sentence investigation report. Where the trial court had the benefit of reviewing a pre-sentence report, we must

> presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A

pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

**Commonwealth v. Hallock**, 603 A.2d 612, 616 (Pa. Super. 1992) (citing

**Commonwealth v. Devers**, 519 Pa. 88, 101-02, 546 A.2d 12, 18 (1988)).

As the trial court in this case did have the benefit of a pre-sentence report, we must presume that he considered all relevant sentencing factors. At sentencing, the trial court thoroughly discussed what it was taking into consideration in sentencing Rice. **See** N.T., Sentencing Hearing, 1/18/13, at 15-21.

In short, the trial court committed no abuse of discretion in sentencing Rice.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/12/2014

- 4 -