J-S71019-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHRISTIAN MANUEL HERNANDEZ | |
| Appellant | No. 661 MDA 2014 |

Appeal from the Judgment of Sentence March 3, 2014
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0006106-2012

BEFORE:  FORD ELLIOTT, P.J.E., PANELLA, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED DECEMBER 29, 2014**

Appellant, Christian Manuel Hernandez, appeals from the judgment of sentence entered March 3, 2014, by the Honorable Paul M. Yatron, Court of Common Pleas of Berks County.  No relief is due.

We take the underlying facts and procedural history in this matter from the trial court's opinion filed July 21, 2014.

> On the evening of December 10, 2012, Nelson Berrios, Jr., was working at a Domino's restaurant at 310 Penn Street in the City of Reading, Berks County.  A deliver[y] order was placed by an individual calling from a toll-free number.  The Domino's employee who fielded the call requested another phone number, pursuant to company policy, which the customer provided.
>
> Berrios drove to 522 Birch Street in Reading in order to make the delivery.  He then tried to locate the individual who had placed the order[.] [Berrios called the number provided to

---

[*] Former Justice specially assigned to the Superior Court.

Domino's for the order, and then observed an individual sitting on the step at 522 Birch Street pull out a cell phone and end the call. Berrios asked the individual if he ordered a pizza, and the man responded that he did.]

\* \* \*

Berrios exited his car and approached the individual—who Berrios identified as [Hernandez]—in front of 522 Birch Street. [Hernandez] pulled some money out of his pocket, and Berrios opened his warming bag to pull out the food that had been ordered. [Hernandez] reached to grab the pizza, and Berrios pushed it away and told him, "no, I'll get it for you." At that moment, another individual came up behind Berrios and put a gun to the back of his head, demanding money. Berrios started turning around and felt somebody's hands go in his pocket. He saw that this individual was wearing red—just like [Hernandez]. Berrios saw a third individual approach them, who was also toting a handgun. [Hernandez] took $15 from Berrios's pocket. Berrios got a good look at [Hernandez's] face during the incident.

Berrios held the pizza bag in his left hand while keeping his right hand visible, attempting to show that he was not going to resist. While facing the first gunman, he kneeled to remove a pizza from the bag, assuming they also wanted to steal the food. Berrios saw a flash and grabbed at the barrel of the gun with his left hand. Berrios sustained a gunshot wound above his left chin and was bleeding profusely. He jumped up to fight the gunman, trying to gain possession of the handgun. During the struggle, Berrios heard the gunman say, "stop, come back and help me." Berrios coughed up blood, lost all energy, and went to sleep with his head on the curb. Hearing the commotion, a resident exited her nearby home; she saw two individuals—including one in a red hoodie—running together southbound down Birch Street. This neighbor also saw an individual rummaging through Berrios's vehicle, then run away.

Subsequent investigations connected [Hernandez] to the incident. While recovering in his hospital bed, Berrios identified [Hernandez] from a photo array. Additionally, he provided an in-court identification of [Hernandez]. Investigators also examined relevant cell phone records. The local cellular number provided to Domino's was connected to a prepaid cell phone. That number placed calls to two individuals, who were later

shown to have familial and Facebook connections to [Hernandez].

Trial Court Opinion, 7/21/14 at 3-4.

On February 27, 2014, following a jury trial, Hernandez was convicted of aggravated assault, five counts of robbery, simple assault, theft by unlawful taking, receiving stolen property, disorderly conduct, and ten counts of conspiracy. On March 3, 2014, the trial court sentenced Hernandez to an aggregate term of nineteen and one-half to sixty years' incarceration. On March 13, 2014, Hernandez filed a motion for reconsideration of sentence, which the trial court denied. This timely appeal followed.

Hernandez first argues that the sentence imposed by the trial court was so manifestly excessive as to constitute an abuse of discretion. Our standard when reviewing sentencing matters is as follows.

> Sentencing is a matter vested in the sound discretion of the Sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Buterbaugh***, 91 A.3d 1247, 1265 (Pa. Super. 2014) (en banc) (citation omitted).

Hernandez challenges the discretionary aspects of his sentence. A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not

absolute." ***Commonwealth v. McAfee***, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> [We] conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Here, Hernandez filed a timely appeal and challenged his sentence in a post-sentence motion. Hernandez's appellate brief also contains the requisite Rule 2119(f) concise statement, in which he argues that the trial court's cumulative sentence of nineteen and one-half to sixty years' incarceration was clearly unreasonable, and so manifestly excessive as to constitute an abuse of discretion. ***See*** Appellant's Brief at 15-16. This claim raises a substantial question for our review. ***See Commonwealth v. Kelly***, 33 A.3d 638, 640 (Pa. Super. 2011) (claim that a sentence is manifestly excessive such that it constitutes too severe a punishment raises a substantial question for our review).

Regarding Hernandez's challenge to the cumulative nature of his sentence, we note that "the imposition of consecutive, rather than

concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Commonwealth v. Lamonda*, 52 A.3d 365, 372 (Pa. Super. 2012) (*en banc*), *appeal denied*, 75 A.3d 1281 (Pa. 2013) (citation omitted). Here, Hernandez does not dispute that the individual sentences imposed are indisputably within the guideline range, notwithstanding the trial court's imposition of consecutive sentences. Although Hernandez claims that the trial court erred in imposing a sentence that was inconsistent with the protection of the public, the gravity of the offenses, and his rehabilitative needs, we note that the trial court reviewed a pre-sentence report. *See* N.T., Sentencing, 3/3/14 at 3. Where the trial court had the benefit of reviewing a pre-sentence report, we must

> presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

*Commonwealth v. Hallock*, 603 A.2d 612, 616 (Pa. Super. 1992) (citing

*Commonwealth v. Devers*, 519 Pa. 88, 101-02, 546 A.2d 12, 18 (1988)).

As the trial court in this case had the benefit of a pre-sentence report, we

must presume that he considered all relevant sentencing factors and did not

impose a sentence based solely on the gravity of the offenses.

We are further satisfied that the trial court adequately stated its

reasons for imposing the sentence as follows:

> I, of course, served as the trial judge in this case and listened carefully to all of the testimony. First and foremost, I must respect the verdict of the jury, as we are all required to do, and the jury found, based on their verdict, that [Hernandez] participated in the robbery. And indeed the evidence seems to suggest that he was the organizer of the robbery, and that it was [Hernandez] who lured Mr. Berrios to the scene where the rest of the events unfolded. It is a particularly senseless crime in the sense that Mr. Berrios provided no resistance to these efforts and readily was willing to give up those things which [Hernandez] and his confederates deemed to be of value, although there [wasn't] very much of value on his person.
>
> The shooting, in particular, seems to have had no basis whatsoever. It's not as though Mr. Berrios was doing anything threatening. This is an extremely egregious offense, and it has had terrible, terrible results, although I'm constrained to point out the only reason that young Mr. Berrios is with us today is almost because of a miraculous turn of events based on the deflection of the bullet when it entered his head and was, by sheer providence, perhaps, directed not to strike either of the vital blood vessels that are in the area, and also avoided hitting him in the spinal column, all of which would have probably at least caused his permanent paralysis, if not his death at the time.
>
> I note also that counsel for [Hernandez] has characterized [his] behavior as impulsive, and I understand counsel's point; however, I can't reach the same conclusion that this was an impulsive set of acts. This was a planned act.

* * *

I find it somewhat difficult, given that [Hernandez] continues to maintain his innocence, his expression about not liking guns and doesn't want anybody to be harmed by guns, but the verdict of the jury shows he chose to associate with, and indeed conspire with, two others who were clearly armed, and one of whom brought this horrible havoc on Mr. Berrios at the time.

I have taken into account the PSI, which I have reviewed, and I've taken into account the provisions of the sentencing guidelines, which I have reviewed carefully, and the sentences I am about to impose are within the ranges of the sentencing guidelines, albeit some of them are in the aggravated range.

For all of these reasons, and especially the concern that the victim here, at a minimum, appears to face many years of serious medical problems that will inhibit his ability to earn a living, as well as the physical agony of being beset by these headaches, all, I believe, merit [the sentence imposed].

N.T., Sentencing, 3/3/14 at 15-17.

Based on the trial court's reasoning, we do not believe Hernandez's sentence appears, on its face, manifestly excessive. Accordingly, we discern no abuse of discretion in the sentence imposed by the trial court.

Hernandez further argues that the trial court erred when it did not merge the charges of aggravated assault, 18 Pa.C.S. § 2702(a)(1), and robbery, 18 Pa.C.S. § 3701(a)(1)(i), for sentencing purposes. **See** Appellant's Brief, at 28. The crimes do not merge. **See**, **e.g.**, **Commonwealth v. Payne**, 868 A.2d 1257, 1263 (Pa. Super. 2005) (Concluding that the crimes of aggravated assault and robbery "do not merge, for robbery requires proof of theft, which aggravated assault does not, and aggravated assault as a felony of the first degree requires proof of

- 7 -

circumstances manifesting extreme indifference to the value of human life, which robbery does not."). This claim fails.

Hernandez argues next argues that his convictions were against the weight and sufficiency of the evidence. Preliminarily, we note that "a weight of the evidence claim must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing." ***Commonwealth v. Thomson***, --- A.3d ---, ---, 2014 WL 2131965 at *9 (Pa. Super., filed May 22, 2014) (citing Pa.R.Crim.P. 607). Failure to do so will result in waiver of the claim on appeal. ***See id***.

Instantly, Hernandez failed to raise a challenge to the weight of the evidence to support his conviction either at sentencing or in a post-sentence motion.[1] Therefore, this claim is waived. ***See Thomson, supra***.

We review a challenge to the sufficiency of the evidence as follows:

> The standard we apply when reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined

_____

[1] Hernandez's motion for reconsideration of sentence, filed March 13, 2014, alleged only that his sentence was excessive; it did not include a weight of the evidence claim.

circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence. Furthermore, when reviewing a sufficiency claim, our Court is required to give the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

However, the inferences must flow from facts and circumstances proven in the record, and must be of such volume and quality as to overcome the presumption of innocence and satisfy the jury of an accused's guilt beyond a reasonable doubt. The trier of fact cannot base a conviction on conjecture and speculation and a verdict which is premised on suspicion will fail even under the limited scrutiny of appellate review.

***Commonwealth v. Slocum***, 86 A.3d 272, 275-276 (Pa. Super. 2014) (citation omitted).

"In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Rule 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient." ***Commonwealth v. Garland***, 63 A.3d 339, 344 (Pa. Super. 2013) (citation omitted). "Such specificity is of particular importance in cases where, as here, the appellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." ***Id***. (citation omitted).

In his Rule 1925(b) Statement of Errors Complained of on Appeal, Hernandez argued only that the evidence was insufficient to support each element of each of his convictions because "the Commonwealth failed to

prove that Christian Hernandez was the actor that robbed and injured Nelson Berrios, Jr., on December 10, 2012, or that he conspired to do so with his codefendants." Concise Statement, 6/9/14 at ¶3. As Hernandez fails to identify which elements of his convictions he was challenging, we are constrained to find his sufficiency claims waived. *See Garland*, *supra*.

We will, however, address the specific claim alleged in Hernandez's Rule 1925(b) statement that the Commonwealth failed to identify Hernandez as the perpetrator of the robbery and assault of Berrios, Jr. In support of this argument, Hernandez argues that "[t]he only witness that affirmatively identified Appellant was the victim and that was insufficient to prove that he could affirmatively, and without doubt, identify Mr. Hernandez as a perpetrator." Appellant's Brief at 33. This argument essentially goes to the credibility of the witness's testimony, and thus is not an attack on the sufficiency of the evidence, but rather an allegation regarding the weight the victim's testimony should have been afforded. *See Commonwealth v. Griffin*, 65 A.3d 932, 939 (Pa. Super. 2013), *appeal denied*, 76 A.3d 538 (Pa. 2013). As previously noted, Hernandez failed to preserve a weight challenge, and thus, has waived this argument on appeal.

Lastly, Hernandez contends that the trial court's denial of defense counsel's motion for a continuance in order to locate additional, unnamed defense witnesses constituted an abuse of discretion. *See* Appellant's Brief at 43. We disagree.

"The grant or denial of a motion for a continuance is within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of discretion." *Commonwealth v. Antidormi*, 84 A.3d 736, 745 (Pa. Super. 2014) (citations omitted). "An appellant must be able to show specifically in what manner he was unable to prepare for his defense or how he would have prepared differently had he been given more time." *Id*. (citations omitted). We will not reverse absent of prejudice. *See id*. at 745-746.

When reviewing a trial court's denial of a request for a continuance in order to obtain additional witnesses, we examine the following factors:

(1) the necessity of the witness to strengthen the defendant's case;

(2) the essentiality of the witness to the defendant's defense;

(3) the diligence exercised to procure his or her presence at trial;

(4) the facts to which he or she could testify; and

(5) the likelihood that he or she could be produced at court if a continuance were granted.

*Commonwealth v. Bozic*, 997 A.2d 1211, 1225 (Pa. Super. 2010) (citation omitted).

Instantly, defense counsel waited until the day of trial to request a continuance in order to explore additional defense witnesses. *See* N.T., Trial, 2/25/14 at 5. The following exchange occurred on the record:

[DEFENSE COUNSEL]: Your honor, in speaking with Mr. Hernandez, he presented me with some issues that require

- 11 -

further exploration. For that reason, Your Honor, I would respectfully request a continuance to a latter [sic] date. It is not specifically an alibi defense as I understand it. However, I will need a little bit of time to explore the witnesses that he is – that he has brought to my attention.

THE COURT: And did he identify these witnesses to you?

[DEFENSE COUNSEL]: Mr. Hernandez and I had a conversation last week wherein he briefly indicated the possible existence of – of people that he wanted me to talk to. The details were not hashed out until this morning, Your Honor.

THE COURT: All right. And how long have you been representing Mr. Hernandez?

[DEFENSE COUNSEL]: I've had the case for approximately six months, Your Honor. Prior to that, it was the public defender's case.

THE COURT: All right. Well, this is an old case. It's a 2012 case. If the defendant hadn't seen fit to bring these issues up prior to this morning or even a week ago, that's the defendant's problem, not the [c]ourt's.

*Id*. at 5-6.

Notably, counsel did not inform the court of what evidence he hoped to uncover had he been afforded additional time to locate additional defense witnesses; nor does he do so now on appeal. Without further elucidation, Hernandez argues only that the trial court erred in failing to analyze the five factors set forth in *Bozic*. Faced with a paucity of information on this claim we cannot conclude that the trial court abused its discretion in denying defense counsel's last-minute request for a continuance, where Hernandez fails to apprise this Court of so much as the identity of the alleged witnesses or to address any of the other factors set forth in *Bozic*. Quite simply,

Hernandez has failed to establish in what manner he was prejudiced by the court's denial of his continuance request. Accordingly, this claim fails.

Judgment of sentence affirmed. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/29/2014