603 A.2d 612

**COMMONWEALTH of Pennsylvania**

v.

**Gary HALLOCK, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 9, 1991.

Filed Feb. 19, 1992.

342

Marjorie D. Barlow, Asst. Public Defender, Scranton, for appellant.

Andrew Jarbola, Asst. Dist. Atty., Scranton, for Com., appellee.

Before BECK, POPOVICH and HESTER, JJ.

HESTER, Judge:

Gary Hallock appeals from the judgment of sentence of thirty-six to seventy-two years imprisonment imposed following his plea of guilty to seven charges of involuntary deviate sexual intercourse. We conclude that the sentence is not cruel and unusual punishment under the eighth

amendment to the United States Constitution and that the sentencing court did not abuse its discretion in imposing the sentence. We affirm.

The record indicates that appellant was charged with the following sexual offenses against children. In June, 1990, appellant performed oral sex on twelve-year-old Thomas P. Between July, 1990, and September, 1990, on four occasions, appellant performed either involuntary deviate sexual intercourse or oral sex on ten-year-old Brian H. On September 27, 1990, appellant indecently assaulted eleven-year-old Jason P. In the fall of 1986, appellant performed oral sex on fourteen-year-old Richard W. and fourteen-year-old William W. Between July, 1990, and September, 1990, appellant performed oral sex on Robert P., who was thirteen. Between July, 1990, and September, 1990, appellant performed oral sex on fifteen-year-old Steven P. In 1989 or 1990, appellant engaged in oral and anal intercourse with Tina H., his profoundly retarded fifteen-year-old daughter.

Appellant was a religious instructor at the Salvation Army in Scranton and assaulted the young children who attended his classes. The complaints indicate that in some cases, appellant would assault the children almost every time that they attended his class. When questioned by police about the charges, appellant not only admitted to molesting the children in question but also admitted that over the preceding nineteen years, he molested approximately thirty-five children between the ages of four and fourteen years of age.

On March 1, 1991, appellant pled guilty to seven counts of involuntary deviate sexual intercourse, a first-degree felony, which carries a maximum penalty of twenty years imprisonment. In exchange, the Commonwealth agreed to nol pros the remaining charges. The guilty plea colloquy contains the following exchange between the trial court and appellant:

> Q. Is there anything else that you think the District Attorney has agreed to in return for your pleading guilty to these eight counts?

A. Not that I know of.

THE COURT: Pardon?

MS. BARLOW: Your Honor, I believe the District Attorney is not going to request the mandatory minimum sentence. That is part of the plea agreement.

THE COURT: Is that right?

MS. CORBETT: Yes, your Honor.

THE COURT: Not request what?

MS. BARLOW: Not request the mandatory minimum sentence.

MS. CORBETT: The District Attorney has to specifically request the mandatory minimum for sexual offense cases, your Honor, and we are foregoing that. However, that's the extent of the plea with regard to sentencing. We've not agreed to concurrent sentencing or anything other than that. We would stand—

THE COURT: Pardon me, what's the mandatory minimum sentence?

MS. CORBETT: Five years on—if requested by the District Attorney there can be five years on each of the sex offense cases. The involuntary deviate sexual intercourse cases.

BY THE COURT:

Q. What does that mean to you, Mr. Hallock?

A. *That means that the judge has the right to sentence me as he will without going by the minimum guidelines specified.*

THE COURT: Mrs. Barlow, what does it mean to you?

MS. BARLOW: *Basically, your Honor, it means that although the District Attorney is not going to request the mandatory minimum sentence of five years on the each of the seven counts of involuntary deviate sexual intercourse, however, we do know that the Judge has discretion as to whatever sentence he wishes to impose.*

BY THE COURT:

Q. *Well, Mr. Hallock, you understand that I'm not a party to that agreement?*

A. *Yes, I do.*

Q. I'm not bound by it. Do you understand that?

A. Yes.

Q. *Do you understand that the charges that you're pleading guilty to could result in your incarceration up to 145 years?*

A. Yes, sir.

Notes of Testimony ("N.T."), 3/1/91, at 14–16.

At sentencing, the court imposed thirty-six to seventy-two years imprisonment. The sentencing transcript indicates that the sentencing court had the benefit of a pre-sentence report. N.T., 6/19/91, at 4, 7. It also indicates that the sentencing court attempted to exercise compassion but determined that the needs of society and the heinous nature of the crimes warranted imposition of a severe sentence:

THE COURT: But these children, the emotional grief that you have caused these children and God knows how long they're going to suffer from it and their families. Do you just ignore that? The adverse impacts on a program that you were involved in with the Salvation Army, one of the finest institutions in this country. I don't know what adverse effect you've had on that program because of your conduct, because you were put in a position where you were going to be around children and then for you to tell the probation officer that you did it assuming that you had the consent of these children. Mr. Hallock, those children had to be terrified. You didn't have any consent. You think these children are sick, too? But you never sought any help and there were all kind of clues that you had to have been aware of that you needed some help. Your wife, obviously, tried to help you. She stayed with you after two incidents, didn't she?

THE DEFENDANT: Yes, sir.

THE COURT: I really have great difficulty showing any compassion. You showed absolutely no compassion for these little boys. One of them was your nephew. Your 15 year old daughter—it's absolutely inconceivable to me that you would do something like that. I'm sorry,

Mr. Hallock, I can't show you any compassion. I have a much greater responsibility to the community. I do hope you get some help. I do hope that there is a program at Farview and if there is the State Bureau of Corrections will, I'm sure, see to it that you get whatever help is available. You have got to want to help yourself, though, and I don't think you did. I don't think you did when this was going on. I'm repulsed. Anything else you would like to say?

*Id.*, at 14–16.

In this appeal, appellant argues both that his sentence was manifestly excessive and that it violates the eighth amendment to the Unites States Constitution. Appellant first alleges that the sentence imposed is manifestly excessive as it is unreasonable and outside the guidelines. This issue relates to the discretionary aspects of sentencing. As required by Pa.R.A.P. 2119(f) and the dictates of *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987), appellant has included in his brief a separate statement of reasons relied upon for this appeal.

 We proceed to consider whether the statement demonstrates that a substantial question that the sentence imposed is inappropriate under the Sentencing Code exists. 42 Pa.C.S. § 9781(b). This determination must be made on a case-by-case basis. *Commonwealth v. Semuta*, 386 Pa.Super. 254, 562 A.2d 894 (1989). The requirement that an appellant delineate the reasons relied upon for allowance of appeal has the effect of limiting any challenges to the trial court's evaluation of the factors impinging on the sentencing decision "to exceptional cases." *Commonwealth v. Tuladziecki, supra*, 513 Pa. at 513, 522 A.2d at 20.

We have discussed the types of allegations that must be raised in order to establish that there is a substantial question that the sentence imposed is inappropriate under the Sentencing Code, thus allowing us to review that sentence. In *Commonwealth v. Losch*, 369 Pa.Super. 192, 201 n. 7, 535 A.2d 115, 119 n. 7 (1987), we stated:

[W]hat constitutes a "substantial question" under section 9781(b) must be evaluated on a case by case basis. However, we will be inclined to allow an appeal where an appellant advances a colorable argument that the trial judge's actions were: 1) inconsistent with a specific provision of the Sentencing Code; or 2) contrary to the fundamental norms which underlie the sentencing process.

*See also Commonwealth v. Williams,* 386 Pa.Super. 322, 562 A.2d 1385 (1989)(en banc).

 We have held that an allegation that a sentence is outside the guidelines and is unreasonable raises a substantial question under *Tuladziecki. Commonwealth v. McClendon,* 403 Pa.Super. 467, 589 A.2d 706 (1991); 42 Pa.C.S. § 9781(c)(3). We therefore address the merits of appellant's claim. He first contends that it was "inappropriate for the Trial Court to make an upward departure from the guidelines, without stating on the record, any aggravating circumstances which justified such an upward departure." Appellant's brief at 7–8. However, our review of the record indicates that the trial court did indicate why it was deviating from the guidelines. As quoted *supra,* the sentencing court made it plain that it was sentencing outside the guidelines based upon the grave consequences of appellant's actions on his victims, the fact that appellant utilized his position as a religious instructor to gain access to his victims, and the continuing nature of appellant's crimes.

 Next, appellant submits that it was improper for the trial court to disregard the following factors during sentencing: 1) for the majority of appellant's life, he did not commit crimes; 2) he had a stable employment history; 3) he lost his family as a result of these criminal prosecutions; 4) his problems will be cured by counseling and treatment; 5) appellant was remorseful; and 6) appellant assisted police by confessing to other offenses so that his other victims may receive counseling.

As to the first allegation, we believe that it is ludicrous for appellant to suggest that he did not commit crimes prior to the ones charged in the indictment. Appellant admitted to sexually abusing children for his entire adult life; he merely was not caught prior to this time. As to the alleged curability of his disease, the record does not establish that proper treatment will cure appellant. At most, the record establishes that appellant hopes that treatment would cure him.

As to the trial court's alleged failure to consider appellant's remorsefulness, cooperation with police, employment history, and loss of family, we note the following. The sentencing court had and considered the pre-sentence report prepared for appellant. N.T., 6/19/91, at 7. Where pre-sentence reports exist, we must

> presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

*Commonwealth v. Devers,* 519 Pa. 88, 101–02, 546 A.2d 12, 18 (1988). Since the sentencing court in this case did have a pre-sentence report, we must presume that it did consider the factors outlined by appellant and that the sentence

imposed was not based solely on the gravity of the offense. Thus, the fact that the sentencing court did not state expressly that it considered each of these factors does not warrant reversal. *See Commonwealth v. Gibson,* 385 Pa.Super. 571, 561 A.2d 1240 (1989) (the rule of law announced in *Devers* overrules the prior precedent in the sentencing area which required the sentencing court to delineate on the record its consideration of each factor which must be applied in sentencing).

We acknowledge that appellant's sentence is lengthy. However, in a recent decision, we upheld a sentencing court's imposition of a fifty to one hundred year term of imprisonment on a pedophile. We noted the following:

It is beyond question that the sentencing function is a matter vested in the sound discretion of the trial court whose judgment will not be disturbed by an appellate court in the absence of an abuse of discretion. *Commonwealth v. Green,* 494 Pa. 406, 431 A.2d 918 (1981); *Commonwealth v. Meo,* 362 Pa.Super. 328, 524 A.2d 902 (1987), *allocatur denied* 516 Pa. 632, 533 A.2d 91 (1988).... When reviewing sentencing matters, we must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime. *Commonwealth v. Fries,* 362 Pa.Super. 163, 523 A.2d 1134 (1987), *allocatur denied* 515 Pa. 619, 531 A.2d 427 (1987).

*Commonwealth v. Jones,* 1991 WL 271438 (No. 2647 Philadelphia 1990, filed December 23, 1991, slip opinion at 7). In *Jones,* we held that the sentencing court basically has "unfettered discretion in sentencing." *Id.* Thus, we are not permitted to alter the sentence solely on grounds that appellant considers it excessive.

■ Appellant also contends that his sentence is unconstitutional. Relying solely upon *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), appellant argues that his term of imprisonment is so excessive as to constitute cruel and unusual punishment. We disagree. In *So-*

*lem,* the Supreme Court held that under certain circumstances, a jail sentence may violate the eighth amendment. There, the defendant was sentenced under a recidivist statute to life imprisonment, without parole, based upon his conviction of negotiating a check for one hundred dollars with insufficient funds to cover the check. His prior crimes were nonviolent burglaries. The Supreme Court held that the eighth amendment requires that a sentence be proportionate to the crime committed and that when determining whether a sentence is so disproportionate as to constitute cruel and unusual punishment, the following test is to be employed:

> In sum, a court's proportionality analysis under the Eighth Amendment should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions.

*Id.,* 463 U.S. at 292, 103 S.Ct. at 3011, 77 L.Ed.2d at 650.

In this case, the first factor, the gravity of the offense, weighs against appellant. Appellant sexually molested seven children, with grave consequences to them for the remainder of their lives. Further, by utilizing his position as a religious counselor to gain access to the victims, he repeatedly molested them. His crimes and the consequences both to the victims and society are grave, and they call for appropriate punishment.

As to the second factor, while appellant suggests that his sentence was more harsh than that imposed for more severe crimes, we disagree. Involuntary deviate sexual intercourse is a first degree felony. Rape and third degree murder also are classified as first degree felonies. Appellant's criminal actions are more heinous than either rape or third degree murder. Rape involves an *adult* victim, and appellant's victims were children. Third degree murder is an *unintentional* killing. Appellant's acts were insidious and intentional. Thus, appellant's sentence is not dispropor-

tionate to the sentences imposed for other, even *less* reprehensible criminal behavior. Finally, appellant does not attempt to establish that other jurisdictions treat involuntary deviate sexual intercourse on a child more leniently than does this Commonwealth. Thus, appellant's constitutional challenge to his sentence fails.

In accordance with the foregoing, the judgment of sentence is affirmed.