J-S40044-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEWARD MICHAEL LAZARUS | |
| Appellant | No. 219 MDA 2014 |

Appeal from the Judgment of Sentence November 20, 2013
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-CR-0005165-2012
CP-CR-0005166-2012
CP-CR-0005171-2012
CP-CR-0005172-2012

BEFORE:  BENDER, P.J.E., BOWES, J., and PANELLA, J.

MEMORANDUM BY PANELLA, J.              **FILED SEPTEMBER 04, 2014**

Appellant, Steward Michael Lazarus, appeals from the judgment of sentence of 33 to 66 years' imprisonment entered November 20, 2013, by the Honorable Howard F. Knisely, Court of Common Pleas of Lancaster County, following his guilty plea to, *inter alia*, 28 counts of burglary.  On appeal, Lazarus challenges the discretionary aspects of his sentence.  No relief is due.

The trial court summarized the history of this case as follows:

On March 19, 2011 and April 19, 2011, police received a report of a burglary in Millersville, PA.  Between March 1, 2012 and September 18, 2012, police received thirty-five (35) reports of residences burglarized in Millersville and contingent townships.  Police discovered signs of forced entry and received reports from victims of missing jewelry, coins, cash, paintings, firearms, and various other items.  On September 16, 2012,

officers responded to a burglary in progress at a Millersville residence. Upon arrival, officers established a perimeter and located [Lazarus] in the home. [Lazarus] could not provide a lawful reason for his presence and was placed under arrest. While officers escorted [Lazarus] to a police cruiser, [Lazarus] indicated there were other suspects in the house. When the officers turned to look toward the house, [Lazarus] pulled away and escaped custody; he was taken back into custody at his home address.

[Lazarus] was taken to the police station, where he was advised of his Miranda warnings and interviewed. In the interview, he admitted to breaking into the residence where he was originally found with the intent to commit theft. He was questioned about the numerous other burglaries in the area and confirmed his involvement in several of them. Police seized property from [Lazarus's] residence, photographed the property, and had the victims of the various burglaries identify items that belonged to them. As a result of this investigation, [Lazarus] was charged at docket 5172-2012 with 25 counts of Burglary, one count of Escape, three counts of Criminal Attempt, four counts of Theft by Unlawful Taking, and one count of Possession of Marijuana with Intent to Deliver. At docket 5171-2012, [Lazarus] was charged with eight counts of burglary. At docket 5166-2012, [Lazarus] was charged with one count of Burglary. At docket 5165-2012, [Lazarus] was charged with one count of Burglary and one count of Theft by Unlawful Taking.

On August 26, 2013, [Lazarus] pled guilty on docket 5172-2012 to 20 counts of Burglary, one count of Escape, there counts of Criminal Attempt, four counts of Theft by Unlawful Taking, and one count of Possession of Marijuana with Intent to Deliver; on docket 5171-2012 to six counts of Burglary; on docket 5166-2012 to one count of Burglary; [and] on docket 5165-2012 to one count of Burglary and one count of Theft by Unlawful Taking. [Lazarus] was sentenced on November 20, 2013. On docket 5172-2012, [Lazarus] was sentenced to 1-2 years for each of the burglaries, to be served consecutively to each other and the other dockets; 5 years['] probation for escape, to be served consecutively with the burglary counts; 5 years['] probation for each of the criminal attempt counts, to be served concurrently with each other and concurrent with the escape count; 1-2 years for each of the theft by unlawful taking counts where firearms were taken, to be served consecutively with each other and the burglary counts. On docket 5171-2012, [Lazarus] was

sentenced to 1-2 years on each of the burglary counts, to be served consecutively with each other and the other dockets. On docket 5166-2012, [Lazarus] was sentenced to 1-2 years for [b]urglary, to be served consecutively with the other dockets. On [d]ocket 5165-2012, [Lazarus] was sentenced to 1-2 years for the [b]urglary, to be served consecutively with the other dockets and 1-2 years for the Theft by Unlawful Taking where a firearm was taken, also to be served consecutively. The aggregate sentence imposed on [Lazarus] as to a State Correctional Institution was 33 years to 66 years. [Lazarus] was sentenced within the standard range of the guideline sentence.

On November 26, 2013, [Lazarus] filed a Motion to Modify Sentence, requesting the sentence be modified so as to permit [Lazarus] to serve the bottom of the standard range of his guidelines, resulting in an aggregate of 20 years to 40 years['] incarceration. On December 20, 2013, the Commonwealth filed an Answer to [Lazarus's] Motion to Modify Sentence. By Order of January 2, 2014, the [c]ourt denied [Lazarus's] Motion to Modify Sentence, explaining in the order the reasons for denial. The instant timely appeal followed.

Trial Court Opinion, 2/28/14 at 1-3 (footnotes omitted).

On appeal, Lazarus argues that his aggregate sentence was clearly unreasonable under the circumstances of this case and improperly constituted a virtual life sentence. **See** Appellant's Brief at 10. Our standard when reviewing sentencing matters is as follows:

Sentencing is a matter vested in the sound discretion of the Sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

**Commonwealth v. Buterbaugh**, 91 A.3d 1247, 1265 (Pa. Super. 2014) (en banc) (citation omitted).

- 3 -

Lazarus challenges the discretionary aspects of his sentence. A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute. *See Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> [We] conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Here, Lazarus filed a timely appeal and challenged his sentence in a post-sentence motion. Lazarus's appellate brief also contains the requisite 2119(f) concise statement, in which he argues that the trial court's cumulative sentence of thirty-three to sixty-six years' incarceration was unreasonable, and so manifestly excessive as to constitute an abuse of discretion. *See* Appellant's Brief at 16. He also claims that the trial court focused exclusively on the gravity of the offense in imposing the sentence. Even assuming these claims raise a substantial question, Lazarus is not entitled to relief.

Here, Lazarus does not dispute that the individual sentences imposed are indisputably within the guideline range, notwithstanding the trial court's imposition of consecutive sentences. Although Lazarus claims that the trial court erred in imposing a sentence that was inconsistent with the protection of the public, the gravity of the offenses, and his rehabilitative needs, we note that the trial court had prepared and reviewed a pre-sentence report. *See id*. at 17. Where the trial court had the benefit of reviewing a pre-sentence report, we must

> presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

*Commonwealth v. Hallock*, 603 A.2d 612, 616 (Pa. Super. 1992) (citing *Commonwealth v. Devers*, 519 Pa. 88, 101-02, 546 A.2d 12, 18 (1988)). As the trial court in this case did have the benefit of a pre-sentence report, we must presume that he considered all relevant sentencing factors and did not impose a sentence based solely on the gravity of the offenses.

We are further satisfied that the trial court adequately stated its reasons for imposing the sentence as follows:

> In reviewing many of the [victims'] correspondences, there is a theme, much of what you heard already. But those themes are items that must be taken into account by the [c]ourt in rendering a sentence. For example, stole our sense of security and innocence; defenseless, elderly people asleep in their beds were burglarized; priceless items taken; the feeling of no longer being safe in a loving town.
>
> Most people who were burglarized and who were victims of thievery were people known to you. An elderly man has his home burglarized four-and-a-half months after his wife passed away and you knew that. All feel violated, frightened and insecure. Many felt extremely threatened and vulnerable, showing extreme anxiety. People, if not most, afraid to be alone in their homes.
>
> You stole family histories, not only in jewelry, but other possessions.
>
> You attended one man's 80th birthday party and burglarized his home within a month. Children were frightened to the point of illness, to the point of hiding their personal possessions.
>
> This rang out throughout not only Millersville, though primarily Millersville, but as we're well aware, the first set of charges are from West Lampeter, the second from Southern Regional, the third from Manor Township. But the vast majority from Millersville Borough.
>
> Incarceration is warranted because a lesser sentence would depreciate the seriousness of the crimes.

N.T., Sentencing, 11/20/13 at 28-29.

Given the sheer breadth of Lazarus's criminal burglary spree and the number of people terrorized by his criminal acts, we do not believe Lazarus's

sentence appears, on its face, manifestly excessive. Accordingly, we discern no abuse of discretion in the sentence imposed by the trial court.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/4/2014