J-S54029-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| PAULINE REDONGGO-BEFFERT | |
| Appellant | No. 402 EDA 2015 |

Appeal from the Judgment of Sentence January 23, 2014
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0001480-2013

BEFORE:  BOWES, J., PANELLA, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED OCTOBER 13, 2015**

Appellant, Pauline Redonggo-Beffert, appeals from the judgment of sentence entered January 23, 2014,[1] in the Court of Common Pleas of Bucks County, following her open guilty plea to voluntary manslaughter, two counts of recklessly endangering another person, homicide by vehicle while driving under the influence, homicide by vehicle, aggravated assault by

---

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant purports to appeal from the order denying her post-sentence motions. We have corrected the caption to reflect that Appellant's appeal properly lies from the judgment of sentence entered on January 23, 2014. **See**, **e.g.**, **Commonwealth v. Dreves**, 839 A.2d 1122, 1125 n.1 (Pa. Super. 2003) (**en banc**).

vehicle, two counts of driving under the influence, reckless driving, failure to drive at safe speed, and following too closely.[2] We affirm.

The factual basis for Appellant's guilty plea, as set forth at the sentencing hearing, is as follows.

> [On July 31, 2011,] around 2:17 in the morning, Bristol Township Police responded to a two-vehicle crash in the area of the 6600 Block of New Falls Road in Bristol Township, Bucks County.
>
> An investigation revealed a 2010 Chevrolet Camaro operated and owned by the Appellant was being operated at a high rate of speed and struck a [motorcycle] in the same lane of travel going eastbound on New Falls Road. The driver of the motorcycle, Michael Martell, suffered serious injuries as a result. The passenger, Janelle Cook, suffered fatal injuries.
>
> Mr. Martell recalled driving eastbound on New Falls Road in the left-hand lane. He remembered checking to see if it was clear, and after it was, switching to the right lane. He continued in the right lane. Shortly thereafter, he was suddenly hit from behind. He stated for a split second he could hear the car behind him and remembers being airborne, covering his head when he hit the ground, rolling down the highway until he came to a stop.
>
> New Falls Road in the area is two lanes of travel in each direction. It includes a multiple line of lights in the area of 'Five Points' in Bristol Township. There are also residential areas near that area, a shopping center, and convenience stores. The speed limit in that area is 40 miles an hour.
>
> The Appellant was taken to St. Mary's Hospital. Her blood was drawn with her consent. It tested for a .086 BAC.

---

[2] 18 Pa.C.S.A. §§ 2504(a) and 2705; 75 Pa.C.S.A. §§ 3735(a), 3732(a), 3735.1(a), 3802(a)(1), 3802(a)(2), 3736(a), 3361, and 3310(a), respectively.

Mechanical inspections were conducted after the crash revealing no mechanical defects that would have been a contributing factor to the crash.

A data record was located in the Camaro and was searched. … It revealed that 2.5 seconds before the crash it [the Camaro] was traveling 91 miles an hour; one second before the crash, 85 miles an hour; and half a second before the crash, 76 miles an hour.

Minutes before the crash, Judy Bowman and Lloyd Yann[] were driving eastbound on New Falls Road, and reported the following: That at the intersection of Newportville and Falls Road they were stopped at a red light and the defendant's vehicle approached them at a high rate of speed. In that specific area there is one lane of travel in each direction. When the light turned green they proceeded through the light. The car behind them began to tailgate them, flash its high beams, and swerved over the double-yellow line off the roadway on the other side. When the road switched from one to two lanes, the Appellant's vehicle immediately moved to the right lane that opened up and drove past them at a high rate of speed. They observed the Appellant's vehicle run a steady red light in the area of the Oxford Valley Road and New Falls Road at a high rate of speed. The crash occurred approximately one mile after this, and they were able to maintain somewhat of a visual contact with the car, but lost it right before the crash happened.

N.T., Sentencing, 1/23/14 at 5-8.

On November 14, 2013, Appellant entered an open guilty plea to the aforementioned charges. On January 23, 2014, the trial court sentenced Appellant to four to eight years in prison for homicide by vehicle while DUI, a concurrent term of three to six years in prison for homicide by vehicle, and a consecutive two to four years for aggravated assault by motor vehicle. The aggregate sentence imposed amounted to a term of six to twelve years' imprisonment. Appellant filed a timely appeal and this Court permitted Appellant's counsel to withdraw his representation in this matter. The trial

court appointed the Bucks County Office of the Public Defender to represent Appellant.

Appellant subsequently withdrew her direct appeal and filed a Post Conviction Relief Act[3] petition alleging previous counsel was ineffective for failing to file a post-sentence motion.  By the agreement of the parties, the PCRA court reinstated Appellant's post-sentence rights *nunc pro tunc*. Appellant thereafter filed a Motion to Modify and Reconsider Sentence in the lower court, which the court denied following a hearing.  This timely appeal followed.

Appellant's issues on appeal challenge the discretionary aspects of her sentence. Preliminarily, we must determine whether Appellant has perfected the right to seek permission to appeal the sentencing court's exercise of its discretion.  **See Commonwealth v. Moury**, 992 A.2d 162, 170 (Pa. Super. 2010).  When an appellant challenges the discretionary aspects of his sentence, we utilize a four-part test to determine:

> (1) whether appellant has filed a timely notice of appeal, **see** Pa. R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa. R. Crim. P. [720]; (3) whether appellant's brief has a fatal defect, Pa. R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

**Id**. (internal citations omitted).

---

[3] 42 Pa.C.S.A. §§ 9541-9546.

Here, Appellant filed a timely appeal and challenged her sentence in a post-sentence motion. Appellant's appellate brief also contains the requisite 2119(f) concise statement.[4] In that statement, Appellant contends that the sentencing court failed to state adequate reasons on the record for imposing a sentence in the aggravated range of the sentencing guidelines for her conviction of homicide by vehicle while DUI. *See* Appellant's Brief at 10. Appellant also claims that the sentencing court failed to state sufficient reasons on the record for imposing a sentence that exceeded the aggravated guideline range for aggravated assault by motor vehicle.[5] *See id*. These claims raise a substantial question for review. *See Commonwealth v. Booze*, 953 A.2d 1263, 1278 (Pa. Super. 2008) (claim that the trial court imposed sentences in the aggravated range without stating sufficient reasons on the record, such a claim constitutes a substantial question for our review); *Commonwealth v. P.L.S.*, 894 A.2d 120, 127 (Pa. Super. 2006) (claim that trial court failed to adequately state on the record its reasons for imposing a sentence exceeding the guideline range raises a substantial question).

_____

[4] Although Appellant has failed to include in her brief a *separate* Rule 2119(f) statement, she has included in the argument section of her brief a section titled "Concise statement of reasons relied upon in support of appeal." Appellant's Brief at 15-16.

[5] Although Appellant contends that the court's sentence on aggravated assault by motor vehicle exceeded the aggravated range of the sentencing guidelines, the sentence did not exceed the maximum sentence permitted.

"Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." *Commonwealth v. Vega*, 850 A.2d 1277, 1281 (Pa. Super. 2004) (citation omitted).

Initially, we note that "[i]f the sentence is within the aggravated range, the sentencing court is … required to state its reasons for choosing an aggravated sentence on … the record…." *Commonwealth v. Rodda*, 723 A.2d 212, 217 (Pa. Super. 1999) (*en banc*) (citation omitted). In addition, "the sentencing guidelines are advisory, and when justified, a court acts well within its discretion to sentence outside the recommended ranges." *P.L.S.*, 894 A.2d at 128 (citation omitted).

> [I]n exercising its discretion, the sentencing court may deviate from the guidelines, if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offenses as it relates to the impact on the life of the victim and the community, so long as he also states of record the factual basis and specific reasons which compelled him to deviate from the guideline range. The sentencing guidelines are merely advisory and the sentencing court may sentence a defendant outside of the guidelines so long as it places its reasons for the deviation on the record.

*Id*. at 130-131 (citation omitted).

There is no merit to Appellant's claims. Our review of the record reveals that the sentencing court discussed at great length the circumstances warranting an aggravated range sentence, as well as an upward departure from the sentencing guidelines, including the nature and

character of the Appellant, the need to deter future criminal behavior, and the impact on the victim. The sentencing court explained as follows.

> Well, I know that [the decedent's mother,] Mrs. Cook asked me to impose the maximum, and I know that your lawyer asked me to impose the minimum, and they're not easy cases. I think the lawyers all agree, and nobody would want to have to make the decision that I'm going to have to make and expect that either side or both sides would find it to be appropriate. I understand that because what's been described for me, as was characterized by Mrs. Cook, was a true tragedy. I think we can all agree on that.

> I have to consider a number of things when imposing sentence, and I think I need to go over them with you so you know why I have come to the conclusion that I believe is necessary.

> First, I have to consider the impact this case has upon the victim…. Certainly, there can be no greater impact than death, no greater impact that what Mr. Martell has suffered in terms of repeated surgeries and long-standing pain and suffering, emotion and physical scars that he'll carry with him for the rest of his days as well, and that doesn't even take into consideration the impact it's had on the victim's family, and I'll come back to that in a few minutes, but I want to make you focus on the list of things I have to consider.

> As I said, the impact upon the victim. I need to consider the facts of the case which are quite simply summed up by the Commonwealth very well, 92 miles an hour in a 40 miles an hour zone at a .06 -- .86, excuse me. So I have to consider the facts of the case as well.

N.T., Sentencing, 1/23/14 at 69-70. After noting the applicable guideline ranges, the court continued:

> So I've considered all the guidelines and the facts of the case as has been recited by the Commonwealth. I've considered what's in the Presentence Report, which has been made available to counsel, and of course we know that that report is comprehensive and thorough.

I have to consider, also, the need to deter you and others from committing this crime, and I -- this type of crime or any crime for that matter, I have to consider the nature and character of the defendant, and so on balance, when I consider all those things, you can understand that this may take a few minutes and there's a great deal of information that I have and a great deal of information that I need to consider.

The nature and character … of the defendant is clearly defined in the Presentence Report, the letters that I received, the witnesses that I heard from, most notably your fiancé or ex-husband, your son, your daughter, and what they reflect is that you are a kind and caring partner, completely contrary to what was described by Mr. Martell. So I don't really know what happened, but I am fairly confident that Mr. Martell's characterization of you as a cold and callus person that night may have been his perception, but it may have been an aberration. We will never know, but clearly, he describes someone who is more interested in herself than with the victim, and I find it important, not just for this case, but I find your testimony in that regard important because while Mr. Martell didn't say it, he kept telling people to take care of Janelle. And so I think, you know, from that perspective you're there, there's an accident scene, and while you don't have any -- from what I read in the Presentence Report, in the letters, you have some basic, perhaps, medical training as a phlebotomist or assistant, I just find it really disturbing that this young woman was lying there and nobody helped her, and I can't get over the 92 miles an hour in a 40 mile an hour speed limit.

\* \* \*

I can discuss all of the reasons for the sentence with you. I could go on and describe in more detail the things that will affect people going forward, but I think, really, when it comes down to it, 92 miles an hour in a 40 mile an hour zone at a .086. It was not only irresponsible, it was just senseless, and as Mrs. Cook has pointed out, it's a parent's wors[t] nightmare.

As your counsel pointed out, and rightfully so, everyone, you know, there but for the grace of God, go I. Everybody on the road was at risk, everybody that night. Unfortunately, Michael Martell and Janelle Cook were in the wrong place at the wrong time, through no fault of their own, and through only your fault do we find ourselves all here gathered together for me to

try to figure out what is best for you and the victims in this case, and I can tell you, there's no good answer to that question. It's a tragedy, a tragedy that nobody can fix, that nobody can make better.

*Id*. at 71-73, 76-77.

Despite Appellant's assertions to the contrary, the record clearly evidences that the sentencing court made a sufficient contemporaneous statement when imposing Appellant's sentences. We further acknowledge the court's consideration of the presentence investigation report. Where the sentencing court had the benefit of reviewing a pre-sentence report, we must

> presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

*Commonwealth v. Hallock*, 603 A.2d 612, 616 (Pa. Super. 1992) (citing

*Commonwealth v. Devers*, 519 Pa. 88, 101-02, 546 A.2d 12, 18 (1988)).

As the sentencing court in this case had the benefit of a pre-sentence report,

we presume that he considered all relevant sentencing factors and fashioned an individualize sentence.

Based on all of the foregoing, we are satisfied that the sentencing court sufficiently stated its reasons for the sentences imposed and adequately articulated the aggravated circumstances justifying both an upward departure from the recommended sentencing guidelines and the sentence in the aggravated range of the guidelines. We therefore find no abuse of discretion in the sentence imposed.

Appellant next argues that the sentencing court erred in imposing the sentences for aggravated assault by motor vehicle and homicide by vehicle while DUI to run consecutively. We note that "the imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Commonwealth v. Lamonda*, 52 A.3d 365, 372 (Pa. Super. 2012) (*en banc*), *appeal denied*, 75 A.3d 1281 (Pa. 2013) (citation omitted). Based upon our review of the record and the sentencing court's explanation of the reasons supporting the sentences imposed, we do not find such extreme circumstances here.

Lastly, Appellant contends that the trial court allegedly considered impermissible sentencing factors. *See* Appellant's Brief at 20. Although Appellant included this claim in her Rule 1925(b) statement, our review of the record reveals that Appellant did not raise this claim in her Motion to

Modify and Reconsider Sentence, filed December 23, 2014. *See* Motion to Modify and Reconsider Sentence, 12/23/14 at ¶7 (arguing only that "the [c]ourt exceeded in sentencing her in the aggravated range" and "that the [c]ourt abused its discretion in sentencing Petitioner consecutively and by exceeding the aggravated range of sentences."). As Appellant did not preserve this argument in the court below either at sentencing or in her post-sentence motion, it is not subject to our review. *See Commonwealth v. Tejada*, 107 A.3d 788, 799 (Pa. Super. 2015), *appeal denied*, --- A.3d --- (Pa., Aug. 3, 2015).

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/13/2015