J-S66027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYVLANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| SAAD ADDA | |
| Appellant | No. 399 MDA 2016 |

Appeal from the Judgment of Sentence February 5, 2016
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0006319-2014
CP-67-CR-0006321-2014
CP-67-CR-0006326-2014
CP-67-CR-0007831-2014

BEFORE:  BOWES, J., PANELLA, J., and JENKINS, J.

MEMORANDUM BY PANELLA, J.                    **FILED OCTOBER 31, 2016**

Appellant, Saad Adda, appeals from the judgment of sentence entered after he pled guilty to robbing three banks, as well as possessing heroin with the intent to deliver. Adda argues that the trial court failed to consider his rehabilitative needs and therefore imposed an excessive sentence. After careful review, we affirm.

The following facts are undisputed. Adda and a co-defendant engaged in an approximately one-month wave of bank robberies while addicted to heroin. After the third robbery, authorities apprehended him and his accomplice. He subsequently pled guilty to the robberies, as well as to a charge that he had conspired to possess heroin with the intent to sell it.

The trial court ordered a pre-sentence investigation report ("PSI"), which recommended an aggregate 4½ to 9 year term of imprisonment. At his sentencing hearing, Adda argued that his sentence should include an extensive rehabilitation component. The trial court followed the recommendation in the PSI, and imposed an aggregate 4½ to 9 year prison sentence. Adda's post-sentence motions were denied, and this timely appeal followed.

On appeal, Adda raises one issue: whether the trial court abused its discretion by ignoring his rehabilitative needs to impose an excessive sentence. Adda concedes that this claim challenges the discretionary aspects of Appellant's sentence. **See** Appellant's Brief, at 7. A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." **Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> [We] conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (quotation marks and some citations omitted).

Here, Adda challenged his sentence in a post-sentence motion and filed a timely appeal. Adda's brief also contains the requisite Rule 2119(f) concise statement. We must now determine whether Adda's challenge to the discretionary aspects of his sentence raises a substantial question.

"A substantial question will be found where an appellant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014), *appeal denied*, 117 A.3d 297 (Pa. 2015) (citation omitted). "[W]e cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Christine*, 78 A.3d 1, 10 (Pa. Super. 2013), *aff'd*, 125 A.3d 394 (Pa. 2015) (citation omitted).

Here, Adda claims in his Rule 2119(f) statement that the "sentences imposed are inconsistent with the rehabilitative needs of Appellant in that they are: inconsistent with the gravity of the offenses; inconsistent with the protection of the public; and are punitive in nature, rather than rehabilitative, in light of Appellant's admission of guilt and other relevant factors." Appellant's Brief at 7.

"[A] generic claim that a sentence is excessive does not raise a substantial question for our review." ***Christine***, 78 A.3d at 10 (citation omitted). "Additionally, this Court has repeatedly held that an allegation that the trial court failed to consider particular circumstances or factors in an appellant's case go to the weight accorded to various sentencing factors and do not raise a substantial question." ***Id***. at 10-11 (citation omitted).

While Appellant argues that the sentencing court failed to consider his rehabilitative needs and "other relevant factors," in substance he merely argues that the court failed to sufficiently address factors of record. The sentencing court had prepared and reviewed a PSI. ***See*** N.T., Sentencing, 2/5/16 at 4. Where the sentencing court had the benefit of reviewing a PSI, we must

> presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

*Commonwealth v. Hallock*, 603 A.2d 612, 616 (Pa. Super. 1992) (citation omitted). As the trial court in this case did have the benefit of a PSI, we must presume that it considered all relevant sentencing factors and fashioned an individualize sentence.

Based on the foregoing, we are constrained to find that Appellant's claim that the sentencing court did not adequately consider relevant factors of record fails to raise a substantial question. *See Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1266 (Pa. Super. 2014) (*en banc*), *appeal denied*, 104 A.3d 1 (Pa. 2014) ("[A]rguments that the sentencing court failed to consider the factors proffered in 42 Pa.C.S. § 9721 does present a substantial question whereas a statement that the court failed to consider facts of record, though necessarily encompassing the factors of § 9721, has been rejected."). Appellant's heroin addiction was put squarely before the trial court for its consideration. *See* N.T., Sentencing, 2/5/16 at 4-5. Furthermore, his desire and need for rehabilitation were clearly communicated to the trial court. *See id*., at 5-6. Thus, Appellant's argument is that the trial court did not adequately consider relevant factors that are of record, which does not raise a substantial question for our review.

Judgment of sentence affirmed.

- 5 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/31/2016