J-S77009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| PARIS L. GANTZ | |
| Appellant | No. 492 MDA 2016 |

Appeal from the Judgment of Sentence February 25, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0002557-2015

BEFORE: PANELLA, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J. **FILED DECEMBER 09, 2016**

Appellant, Paris L. Gantz, appeals from the judgment of sentence entered after a jury convicted him of possession of marijuana with intent to deliver ("PWID") and illegal possession of a firearm. Gantz contends that the trial court abused its discretion in imposing a sentence in the aggravated range of the sentencing guidelines for the PWID conviction. After careful review, we affirm.

A detailed presentation of the factual and procedural history of this appeal is unnecessary given that Gantz's sole issue on appeal concerns the discretionary aspects of the sentence imposed. Gantz was convicted of PWID and possession of a firearm as a previously convicted felon.

---

[*] Retired Senior Judge assigned to the Superior Court.

At sentencing, the trial court reviewed a pre-sentence investigation report ("PSI") and was correctly informed of the guideline ranges that applied. Gantz does not challenge the sentence imposed for the firearm charge. He contends that the trial court was not aware that it was imposing an aggravated range guideline sentence, and therefore abused its discretion.

Gantz concedes that this is a challenge to the discretionary aspects of the sentence imposed. **See** Appellant's Brief, at 6-7. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." **Commonwealth v. McAfee**, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted). When challenging the discretionary aspects of the sentence imposed, an appellant must present a substantial question as to the inappropriateness of the sentence. **See Commonwealth v. Tirado**, 870 A.2d 362, 365 (Pa. Super. 2005).

"Two requirements must be met before we will review this challenge on its merits." **McAfee**, 849 A.2d at 274 (citation omitted). "First, an appellant must set forth in his brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence." **Id**. (citation omitted). "Second, the appellant must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." **Id**. (citation omitted). That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the

Sentencing Code or a particular fundamental norm underlying the sentencing process." ***Tirado***, 870 A.2d at 365 (citation omitted).

We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists. ***See id***. "Our inquiry must focus on the *reasons* for which the appeal is sought, in contrast to the *facts* underlying the appeal, which are necessary only to decide the appeal on the merits." ***Id***. (citation omitted). ***See also*** Pa.R.A.P. 2119(f).

In the present case, Gantz's appellate brief contains the requisite Rule 2119(f) concise statement. Furthermore, he preserved his argument against the discretionary aspects of his sentence through a post-sentence motion. Thus, he is in technical compliance with the requirements to challenge the discretionary aspects of his sentence.

Next, we must determine whether Gantz has raised a substantial question. Gantz concedes that the sentence imposed is within the guidelines; his dispute centers on the fact that the sentence is in the aggravated range of the guidelines. ***See*** Appellant's Brief, at 12. Specifically, Gantz contends that the trial was unaware that it had imposed an aggravated range sentence, as it did not acknowledge this fact while imposing sentence. ***See id***. ("Appellant's claim on appeal is not primarily that the sentence is manifestly excessive … but that, where the court is going to sentence outside the standard range, the record should at least indicate that the court is aware that it is doing so.")

Assuming, without so deciding, that this claim raises a substantial question, we conclude that Gantz is due no relief. A sentencing court has broad discretion in fashioning its sentence. *See Commonwealth v. Walls*, 926 A.2d 957, 962-63 (Pa. 2007). While the court is required to consider the sentence ranges set forth in the sentencing guidelines, it is not bound by them. *See Commonwealth v. Yuhasz*, 923 A.2d 1111, 1118 (Pa. 2007). Furthermore, where the sentencing court had the benefit of reviewing a PSI, we must

> presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

*Commonwealth v. Hallock*, 603 A.2d 612, 616 (Pa. Super. 1992) (citation omitted).

Here, the trial court had the benefit of a PSI. Furthermore, the assistant district attorney presented the correct guideline ranges to the trial court at the beginning of the sentencing hearing. *See* N.T., Sentencing,

- 4 -

2/25/16, at 4. Defense counsel agreed with the prosecutor's calculation of the guideline ranges. *See id*., at 6. Finally, the trial court stated that it had "taken into account the provisions of the sentencing code." *Id*., at 19. Under these circumstances, we cannot conclude that the trial court was unaware of the guideline ranges, or that it did not intend to impose an aggravated range sentence. The trial court was clearly concerned with Gantz's recidivist nature and quick return to the narcotics trade after being released from prison on a previous conviction. *See id*., at 18-20. This reasoning is sufficient to support the aggravated range sentence imposed by the trial court. Thus, Gantz's sole claim on appeal merits no relief.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/9/2016