J-S66023-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| THOMAS LOMAX | : | |
| | : | |
| Appellant | : | No. 1886 EDA 2017 |

Appeal from the Judgment of Sentence March 16, 2010
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0008210-2009

BEFORE:  GANTMAN, P.J., PANELLA, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, J.:                **FILED APRIL 11, 2019**

Thomas Lomax appeals, *nunc pro tunc,* from the judgment of sentence imposed on March 16, 2010, in the Court of Common Pleas of Philadelphia County. On appeal, Lomax challenges the discretionary aspects of his sentence. We affirm.

Lomax entered non-negotiated pleas of guilty to the crimes of robbery and possessing an instrument of crime ("PIC") and was sentenced to concurrent terms of eight to sixteen years' incarceration on the robbery charge and two and a half to five years' incarceration on the PIC charge. At the same time, he pled guilty to aggravated assault and PIC arising from an unrelated incident[1]. The sentencing was consolidated pursuant to Pa.R.Crim.P. 701. He was sentenced to five to ten years on the aggravated assault charge and two

---

[1] CP-5-CR-0008921-2009

and a half to five years on the PIC charge, both to run concurrent to the sentences stemming from the robbery.

On April 6, 2010, the court denied his post sentence motion for reconsideration of sentence. He did not file an appeal.

On October 8, 2010, Lomax filed a timely *pro se* petition for relief pursuant to the Post Conviction Relief Act[2] ("PCRA") in which he claimed his trial counsel was ineffective in communicating with him regarding his guilty plea.

New counsel was appointed who filed an amended petition on August 16, 2012 seeking reinstatement of Lomax's appellate rights *nunc pro tunc*. On July 8, 2013, the court granted Lomax leave to file an appeal *nunc pro tunc*, which was filed on July 31, 2013. However, on January 14, 2015, this Court dismissed Lomax's appeal due to counsel's failure to file a brief.

On April 1, 2015, Lomax filed a second *pro se* PCRA petition requesting new counsel be appointed. New counsel was appointed, who filed an amended petition on March 13, 2017 seeking reinstatement of Lomax's appellate rights *nunc pro tunc.* On May 15, 2017, the PCRA court again reinstated his appellate rights. This timely appeal followed.

In his sole issue on appeal, Lomax argues that the trial court abused its discretion by imposing a manifestly excessive sentence. "A challenge to the discretionary aspects of a sentence must be considered a petition for

---

[2] 42 Pa.C.S.A. §§ 9541-9546.

permission to appeal, as the right to pursue such a claim is not absolute."

***Commonwealth v. McAfee***, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original).

Here, Lomax preserved his issue through a timely motion for reconsideration of the sentence imposed, and filed a timely appeal. Counsel has included the required Rule 2119(f) statement. We therefore review the Rule 2119(f) statement to determine if Lomax has raised a substantial question.

We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists. ***See Commonwealth v. Tirado***, 870 A.2d 362, 365 (Pa. Super. 2005). "Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." ***Id***. (citation omitted); ***see also*** Pa.R.A.P. 2119(f).

Lomax "must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." **McAfee**, 849 A.2d at 274 (citation omitted). That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." **Tirado**, 870 A.2d at 365.

Lomax's Rule 2119(f) statement claims that the trial court imposed a manifestly excessive sentence. A generic claim that a sentence is excessive does not raise a substantial question for our review. **See**, **e.g.**, **Commonwealth v. Christine**, 78 A.3d 1, 10 (Pa. Super. 2013). However, Lomax asserts that the Court focused solely on the seriousness of the offense and did not consider his individual characteristics. **See** Appellant's Brief, at 7. An averment that the court sentenced based solely on the seriousness of the offense and failed to consider all relevant factors has been found to raise a substantial question. **See Commonwealth v. Macias**, 968 A.2d 773 (Pa. Super. 2009). We therefore turn to Lomax's claim.

Our standard of review of a sentencing challenge is well settled:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 731 (Pa. Super. 2015) (citation omitted).

Here, the trial court reviewed a pre-sentence report. Where the trial court had the benefit of reviewing a pre-sentence report, we must

> presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

*Commonwealth v. Hallock*, 603 A.2d 612, 616 (Pa. Super. 1992). As the trial court in this case had the benefit of a pre-sentence report as well as a mental health report, combined with the trial court's consideration of the seriousness of the offenses we conclude that it considered all relevant sentencing factors.

We acknowledge the court sentenced Lomax outside the guidelines for robbery and note that it does not appear the trial judge explicitly stated his reasons for sentencing Lomax when he imposed sentence. **See** Pa.R.Crim.P.

§ 704(C)(2). However, Lomax has not challenged this omission on appeal. Since it is not an illegal sentence claim, it is waived.

This issue was brought up during the hearing on Lomax's motion for reconsideration of sentence during which the Judge explained his reasons for sentence on the record.

> No one would argue that if he got a five to ten-year sentence on the robbery bill and a different Judge on the aggravated assault gave him three to something, or five to something on the aggravated assault bill and made them run consecutive, they would both be perfectly acceptable guideline sentences. They would be within the normal range, and there would be no grounds for any attack on the sentence, or reasons for the Court to reconsider.
>
> It's a situation where there was two separate events committed at two separate times; one where the defendant's out on bail for one felony when he committed another felony and the fact that they were disposed of together under a 701 plea consolidated allowed him to retain a prior record score of zero for both and allowed a consolidated sentence.
>
> In effect my sentence takes that into consideration, and I could have made it look easier administratively if I gave the five to ten on one and three to something on the other and made them run consecutively. I didn't do that, and I just made everything on the robbery bill, which a rose by any other name would smell as sweet except no different.

N.T., 4/6/2010, at 7-8.

Thus, the Judge recognized that he imposed the greater sentence on the robbery charge even though the guidelines were higher on the aggravated assault charge. He reasoned that he essentially sentenced Lomax to eight to sixteen years total on both cases in front of him. Rule of Criminal Procedure 701 provides that, before the imposition of a sentence, a defendant may plead

guilty to other offenses committed by him within the jurisdiction of the sentencing court. When such pleas are accepted, the court must sentence the defendant for all of the offenses. It is clear the judge took into account the consolidated nature of the sentencing and fashioned an aggregate sentence which considered both cases, and all four offenses, that were before him.

As the court balanced the individual sentence for robbery with a below guidelines sentence on the aggravated assault charge, we find the aggregate sentence as a whole was not unreasonable considering the consolidated nature of the plea hearing. *See* Pa.R.Crim.P. 701.

We conclude that Lomax's claim is without merit. As this is the only issue presented by Lomax on appeal, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/11/19

- 7 -