J-S76009-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRIGHAM LAWLESS | : | |
| | : | No. 1264 EDA 2017 |
| Appellant | : | |

Appeal from the Judgment of Sentence February 28, 2017
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0000117-2016

BEFORE:   PANELLA, J., STABILE, J., and PLATT*, J.

MEMORANDUM BY PANELLA, J.                    **FILED MARCH 26, 2018**

Brigham Lawless appeals from the judgment of sentence entered in the Court of Common Pleas of Monroe County. Lawless only challenges the discretionary aspects of his sentence, arguing his sentence is too severe. Finding his standard range sentence presumptively reasonable, we affirm.

Lawless pleaded guilty to involuntary deviate sexual intercourse, where the victim, his stepdaughter, was just five years old. ***See*** 18 Pa.C.S.A. § 3123(b). According to Lawless, his stepdaughter "begged" him to permit her to perform oral sex on him. The victim's twin brother was in the room and observed the sexual abuse. After the sexual assault, Lawless asked the brother to keep what he saw a secret.

At sentencing, the court noted it had reviewed an extensive pre-sentence investigation report, considered Lawless's allocution, considered a

_____

* Retired Senior Judge assigned to the Superior Court.

number of aggravating and mitigating factors, and imposed a sentence of imprisonment of 15 to 30 years. Lawless filed a post-sentence motion and the court held a hearing. The focus of the hearing was the severity of the sentence, with Lawless again advancing numerous reasons to mitigate his punishment. The court, once more, methodically explained its reasoning for imposing the standard range sentence and denied the motion. This timely appeal followed.

On appeal, Lawless challenges the discretionary aspects of his sentence. Essentially, he argues the sentencing court imposed an excessive sentence. In his Rule 2119(f) statement he references case law about departing from the guidelines, *see* Appellant's Brief, at 14, and that the court imposed "an aggravated range sentence without giving any consideration to mitigating circumstances[,]" *id.*, at 15, but later in the same statement clarifies the court did not give "substantial consideration," *id.*, at 16, to such factors, and still later asserts the court "failed to properly deliberate," *id.*, at 17, on the mitigating factors of record. So, the assertions in the statement conflict. The court departed from the guidelines, but imposed a sentence in the aggravated range. The court did not consider mitigating factors at all, but also failed to *properly consider* mitigating factors of record. It is all confused. In any event, the court neither departed from the guidelines, nor imposed a sentence in the aggravated range.

Lawless had a prior record score of zero. *See* N.T., Sentencing, 2/28/17, at 2. The offense gravity score for § 3123(b) is 14. *See* 204 Pa. Code § 303.15. **Offense Listing** (7th ed. 9/25/15). The standard range of the guidelines is

- 2 -

72 months to the statutory limit, *see* 204 Pa. Code. § 303.16. **Basic Sentencing Matrix** (7th ed. 9/25/15), which is 40 years, *see* 18 Pa.C.S.A. § 3123(d)(1). Thus, Lawless's sentence of 15 years[1] is squarely within the standard range of the guidelines.[2]

The standard range of the guidelines "is presumptively where a defendant should be sentenced." **Commonwealth v. Fowler**, 893 A.2d 758, 767 (Pa. Super. 2006) (citation omitted). As the sentence was within the standard range, to succeed on this claim Lawless has to show that "the case involves circumstances where the application of the guidelines would be clearly unreasonable[.]" 42 Pa.C.S.A. § 9781(c)(2). That is simply not the case here. Lawless had his five-year-old stepdaughter perform oral sex on him while her twin brother watched. And he claimed she "begged" him to do that.

Even putting aside the presumptive reasonableness of the standard range sentence Lawless received, Lawless does not raise a substantial question for our review. As detailed above, the claims in his Rule 2119(f)

_____

[1] "Pennsylvania utilizes an indeterminate sentencing scheme with presumptive guidelines which limit the judge's discretion only concerning the *minimum* sentence." **Commonwealth v. Smith**, 863 A.2d 1172, 1178 (Pa. Super. 2004) (emphasis added; citations omitted).

[2] Despite statements to the contrary, Lawless implicitly recognizes the fact that the court imposed a standard range sentence in his brief. **See** Appellant's Brief, at 27 n.2 ("As the court further pointed out, the guideline range was … a standard ranhe [sic] of 72 to 240 months.") Indeed, in his Rule 1925(b) statement Appellant concedes this point: "Although the sentence was admittedly within the 'standard Guideline Range' for the offense, it exceeded the norm and was at the very top of the guideline range and thus excessive." Rule 1925(b) Statement, filed 5/5/17, at ¶ 10.

statement conflict. The crux of Lawless's argument is his assertion that the court failed to properly consider various mitigating factors of record. *See **Commonwealth v. Dodge***, 77 A.3d 1263, 1272 n.8 (Pa. Super. 2013) ("Careful litigants should note that arguments that the sentencing court failed to consider the factors proffered in 42 Pa.C.S. § 9721 does present a substantial question whereas a statement that the court failed to consider facts of record, though necessarily encompassing the factors of § 9721, has been rejected.")

Despite the issues with his Rule 2119(f) statement, we will very briefly explain why the sentence passes muster. "Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion." ***Commonwealth v. Glass***, 50 A.3d 720, 727 (Pa. Super. 2012) (citation omitted).

At sentencing, the court noted it had reviewed an extensive presentence investigation report, considered Lawless's allocution, as well as aggravating and mitigating factors. ***See*** N.T., Sentencing, 2/28/17, at 20-22. ***See also*** N.T., Post-Sentence Motion Hearing, 3/17/17, at 23-27. As for Lawless's concern about the consideration of mitigating factors, those factors were of record. Important in this regard, the sentencing court had the benefit of a pre-sentence investigation report. Thus, we must

> presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself.... Having been fully informed by the pre-sentence report, the

- 4 -

sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

*Commonwealth v. Hallock*, 603 A.2d 612, 616 (Pa. Super. 1992) (citation omitted). *See also Commonwealth v. Tirado*, 870 A.2d 362, 368 (Pa. Super. 2005).

The sentencing court in this case carefully considered the appropriate factors, *see* 42 Pa.C.S.A. § 9721(b), and imposed a sentence firmly in the standard range of the sentencing guidelines. In doing so, the court committed no abuse of discretion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/26/18