J-A21013-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                :          PENNSYLVANIA
                                                  :

             v.                                :
                                                :

RAYMOND CORDY                 :
                                                :

           Appellant              :   No. 3416 EDA 2017

Appeal from the Judgment of Sentence September 5, 2017
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0001070-2015

BEFORE: PANELLA, J., OLSON, J., and McLAUGHLIN, J.

MEMORANDUM BY PANELLA, J.           **FILED NOVEMBER 06, 2018**

Raymond Cordy appeals from the judgment of sentence imposed on September 5, 2017, in the Court of Common Pleas of Monroe County. Cordy challenges the discretionary aspects of his sentence. Finding his standard range sentence presumptively reasonable, we affirm.

The court summarized the factory history of the case as follows:

> On May 12, 2015, at approximately 9:28 p.m., Sergeant Bowman (hereinafter "Bowman") was monitoring traffic on SR 115 with a tracker speed timing device when he observed an SUV bearing PA registration JKT 7889 traveling northbound at approximately 71.1 MPH. Upon timing the speed of the vehicle Bowman activated his emergency lights and stopped the vehicle. After being stopped, two men exited the vehicle via the front passenger door and walked toward Bowman's patrol car. Both men appeared unsteady on their feet, and Bowman instructed the men to stop and return to their vehicle. Both men complied.
>
> Upon approaching the vehicle, Bowman observed both males in the front two seats of the SUV, as well as a female in the back seat, and detected a strong odor of alcohol in the vehicle.

Bowman inquired why the driver exited the SUV via the passenger door. The driver responded that he did not have a license. Bowman then asked why the driver was driving, to which the man responded he was driving because his friend had asked him to. Bowman asked the men if they had been drinking. Both males replied that they had each had one drink. Bowman observed both men to have glassy and watery eyes. Bowman then asked the female if she had also been drinking, to which she responded no.

At that point, Bowman requested identification from each individual. The man in the front passenger seat produced a PA license and registration identifying himself as Greg Knoble. The driver could not produce a license or any other form of identification. Bowman informed the driver he was the subject of an official investigation and requested the man's information. The man identified himself as Raymond Wilson, date of birth March 25, 1959. The female passenger identified herself as Caitlin Bums, date of birth May 13, 1983.

Bowman then returned to his patrol vehicle and requested an NCIC and drivers check on all three individuals. Bowman was advised that there was no record for Bums or Wilson. At that time, Bowman radioed Officers Papi and Bohrman and requested assistance. Upon their arrival, Officer Bohrman remained with the SUV, and Officer Papi observed Bowman as he administered sobriety tests to Wilson.

Bowman administered three field sobriety tests: the Horizontal Gaze Nystagmus, the Walk and Turn, and the Walk and Stand. Wilson failed all three tests. Wilson's eyes failed to pursue the pen during the Horizontal Gaze Nystagmus, he could not maintain his balance nor consistently walk heel to toe during the Walk and Tum, and could not maintain his balance during the Walk and Stand. After failing all three tests, Bowman placed Wilson under arrest, placed him in the rear of his patrol car, and proceeded to Femridge barracks.

At Femridge barracks, Trooper Bailey conducted a live scan resulting in a positive identification for Wilson as Raymond John Cordy. Appellant was present for the results and indicated that he had to try and get away with falsely identifying himself because he did not want a DUI on his record. A review of the live scan showed two active warrants for Appellant, the first out of Luzerne

County for failure to appear on a Felony 3 retail theft, and the second out of Lackawanna County for disorderly conduct and a probation violation. A check of Appellant's driver's record indicated that he has been classified as a habitual offender on two separate occasions; the first on December 12, 1984, and the second on May 26, 1993.

Trial Court Opinion, 12/9/17, at 1-3.

Cordy ultimately entered a guilty plea to driving under the influence, general impairment, 75 Pa.C.S.A. § 3802(a)(1), as a first offense, classified as an ungraded misdemeanor, and habitual offenders, 75 Pa.C.S.A. § 6503.1, graded as a misdemeanor of the second degree. Sentencing took place on September 5, 2017, during which the court had the benefit of a pre-sentence investigation ("PSI) report.

The court delayed sentencing until Cordy's records were received from a Veterans Administration hospital. The records showed that Cordy had previously been treated as an inpatient for alcohol and opioid addiction. At the time of the sentencing hearing, Cordy had made an appointment with the Veterans Administration hospital for additional treatment.

At the sentencing hearing, the Commonwealth's attorney reviewed with the trial court Cordy's extensive criminal record, including multiple DUI convictions, thirteen retail theft convictions, and four prior escape convictions. On the day the offenses at issue here were committed, Cordy was wanted on two bench warrants issued in reference to a prior conviction, and was on supervision in Lackawanna County.

3

Prior to imposing the sentence, the court referred to the PSI report. In addition to hearing the arguments of Cordy's counsel, the court heard extensive testimony from Cordy as to his addiction problems.

The court imposed a standard range sentence. Specifically, the court sentenced Cordy in the standard range to not less than nine nor more than twenty-three months' incarceration on the charge of Habitual Offenders, and to a concurrent term of six months' probation for the DUI charge, which was mandatory.

Following sentencing, Cordy filed a post-sentence motion, which the court denied. Cordy then filed a petition for furlough, requesting permission to participate in a residential rehabilitation program at the Department of Veterans Affairs Medical Center in Wilkes-Barre, Pennsylvania. Attached to the petition was an acceptance letter issued by the facility. The court granted the petition after a hearing and without objection by the Commonwealth. This timely appeal followed.

On appeal, Cordy solely challenges the discretionary aspects of his sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and

4

modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013) (some internal citations omitted). Cordy has satisfied the first three requirements: he timely filed a notice of appeal, he sought reconsideration of his sentence in a post-sentence motion, and he has included a Rule 2119(f) statement in his brief to this Court. We next consider whether he has raised a substantial question for our review.

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Battles***, 169 A.3d 1086, 1090 (Pa. Super. 2017). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Foust***, 180 A.3d 416, 439 (Pa. Super. 2018) (citation omitted).

In his Rule 2119(f) statement, Cordy contends that the trial court "did not consider Mr. Cordy's legitimate mitigating factors, an error that presents a substantial question." Appellant's Brief, at 9. Cordy's allegation that his sentence is excessive due to the revocation court's failure to consider relevant sentencing criteria raises a substantial question for our review. ***See***

*Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1266 (Pa. Super. 2014) (*en banc*) ("[A]rguments that the sentencing court failed to consider the factors proffered in 42 Pa.C.S. § 9721 does present a substantial question whereas a statement that the court failed to consider facts of record, though necessarily encompassing the factors of § 9721 has been rejected.") Cordy also maintains that the court focused solely "on the seriousness of the crime without also considering other relevant criteria." Appellant's Brief, at 9. This too raises a substantial question. *See Commonwealth v. Knox*, 165 A.3d 925, 929-930 (Pa. Super. 2017). The record, however, contradicts each of these claims.

> Our standard of review of a sentencing challenge is well settled:
>
> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 731 (Pa. Super. 2015) (citation omitted).

Here, the court had the benefit of a PSI report. Thus, the law presumes the court was aware of and weighed relevant information regarding a defendant's character along with mitigating statutory factors. *See Commonwealth v. Hallock*, 603 A.2d 612, 616 (Pa. Super. 1992) ("It would be foolish, indeed, to take the position that if a court is in possession of the

6

facts, it will fail to apply them to the case at hand.") ***See also Commonwealth v. Tirado***, 870 A.2d 362, 368 (Pa. Super. 2005) (finding that where the sentencing court has a PSI "it is presumed that the sentencing court was aware of the relevant information regarding defendant's character and weighed those considerations along with mitigating statutory factors") (internal quotation marks omitted). Also, as noted, Cordy and his counsel were given full opportunities to speak at the sentencing hearing—and they both gave the court substantial information about Cordy's drug and alcohol addiction, his depression, the circumstances surrounding the death of his children, and his past military service.

And, as Cordy concedes, the court imposed a sentence in the standard range of the sentencing guidelines.[1] A standard range sentence is presumptively reasonable. ***See***, ***e.g.***, ***Commonwealth v. Fowler***, 893 A.2d 758, 767 (Pa. Super. 2006). Thus, to succeed on this claim, Cordy has to show that "the case involves circumstances where the application of the guidelines would be clearly unreasonable[.]" 42 Pa.C.S.A. § 9781(c)(2). That is simply not the case here. The sentence is in no way excessive. Thus, Cordy's challenge to the discretionary aspects of his sentence fails.

---

[1] As noted, the court sentenced Cordy to the mandatory probationary term for the DUI conviction.

There is no basis upon which to disturb the sentence imposed by the sentencing court. Therefore, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/6/18