J-S71010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NELSON ORTIZ RIVERA | : | |
| | : | |
| Appellant | : | No. 774 EDA 2018 |

Appeal from the Judgment of Sentence December 11, 2017
In the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0002326-2017

BEFORE: PANELLA, J., DUBOW, J., and NICHOLS, J.

MEMORANDUM BY PANELLA, J.: **FILED MAY 24, 2019**

Nelson Rivera Ortiz[1] appeals from the judgment of sentence entered in the Lehigh County Court of Common Pleas following his guilty plea for arson. Rivera argues the court imposed an excessive sentence. We affirm.

On February 5, 2017, Allentown Police and fire departments responded to 414 Washington Street in Allentown, Pennsylvania ("the Property") for a house fire. Allentown Fire Department officials declared the fire a second alarm due to reports of people entrapped inside the residence.

---

[1] We note that Appellant's last name in the caption is listed as "Ortiz Rivera." However, Appellant stated on the record at his guilty plea hearing that his last name is pronounced "Rivera Ortiz." **See** N.T., Guilty Plea Hearing, 10/27/2017, at 2-3. We will refer to Appellant as "Rivera" for consistency.

Firefighters extinguished the fire and performed a search of the Property as well as the home next door. One firefighter was injured during the course of battling the fire.

Fire Marshal Ian Lenig investigated the scene and noticed what appeared to be a burn pattern from a liquid poured on a wooden floor on the first floor. The fire department's K-9 dog made multiple indications of possible accelerants at the scene.

Fire Marshal Lenig also noted that the intensity and rapid growth of the fire indicated the potential that the fire was fueled by an ignitable liquid. He ruled out the electrical sources as the cause of the fire in the area of origin, and determined that the cause of the fire was an incendiary.

Abdul Outlaw was sleeping on the third floor of the Property on the day of the fire when he heard someone enter the home. He assumed it was the other occupants of the home returning from church. He continued to sleep until he was awoken by the fire alarm. He ran downstairs to find mattresses on the first floor on fire. He tried to put the fire out with water but fled the home when that seemed to fuel the fire more.

Juminia Lopez, who leased the Property, arrived at the scene from church. Rivera is Lopez's former boyfriend and father of her three[2] children.

_____

[2] Lopez testified that she has four children who all lived at the Property with her. Three of the children are Rivera's natural children, while one daughter is not his biological child but considers Rivera to be her father. **See** N.T., Sentencing Hearing, at 18 and 48.

The children had received word from Rivera, *via* Facebook, that the house was on fire.

On October 27, 2017, Rivera entered an open plea to a charge of Arson, graded as a felony of the first degree. Rivera admitted to entering the home and setting some mattresses located on the first floor on fire with a cigarette lighter he found on the staircase. He stated his intent was to scare his ex-girlfriend and that he knew Lopez and the children were at church at the time. He stated he did not know Outlaw was living there. The Commonwealth asserted that he intentionally placed the fire but that he was not trying to injure anyone. The court delayed sentencing for preparation of a pre-sentence investigation report due to the seriousness of case.

On December 11, 2017, Rivera was sentenced to the maximum penalty of not less than ten, nor more than twenty years' incarceration, plus restitution. He was also ordered to have no direct or indirect contact with Lopez or any of the four children. His sentence was to run consecutive to any sentence he was currently serving[3].

Rivera filed a post-sentence motion for reconsideration and modification of sentence arguing that the deadly weapon enhancement[4] should not have

---

[3] At the time of the offense, Rivera was on parole for attempted homicide for which he received a sentence of fifteen to thirty years. Rivera indicated during his Guilty Plea Hearing that he had fourteen years left on the prior sentence.

[4] Rivera's counsel indicated that the deadly weapon enhancement was not raised by either counsel but was instead something injected by the person who created the presentence report.

been imposed. The court granted the motion while keeping the sentence intact. Specifically, the judge noted that under the facts the standard range should be sixty to seventy-eight months, plus or minus twelve but that he would have sentenced Rivera to the statutory maximum of ten to twenty years' either way.

On appeal, Rivera argues his outside the guidelines sentence is excessive and the court failed to consider mitigating factors. Rivera concedes his argument raises a challenge to the discretionary aspects of his sentence. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citations omitted; brackets in original).

Here, Rivera preserved his issue through a timely motion for reconsideration of the sentence imposed, and filed a timely appeal. Counsel has included the required Rule 2119(f) statement. We therefore review the

Rule 2119(f) statement to determine if Rivera has raised a substantial question.

We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists. *See Commonwealth v. Tirado*, 870 A.2d 362, 365 (Pa. Super. 2005). "Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." *Id*. (citation and emphasis omitted); *see also* Pa.R.A.P. 2119(f).

Rivera "must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." *McAfee*, 849 A.2d at 274 (citation omitted). That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." *Tirado*, 870 A.2d at 365.

In Rivera's Rule 2119(f) statement, he claims that the trial court abused its discretion "when it imposed a harsh and excessive sentence contrary to the fundamental norms of the sentencing guidelines." Appellant's Brief, at 12. Specifically, he believes the court "failed to set forth legally or factually supported reasons for the imposition of the maximum sentence for the Arson offense which sentence was well beyond the Standard and Aggravated Guideline Ranges as applied to the Defendant." *Id*. As this claim raises a substantial question, we proceed to examine the merits of Rivera's sentencing

challenge. *See Commonwealth v. Rodda*, 723 A.2d 212, 214 (Pa. Super. 1999) (finding an assertion that the trial court failed to sufficiently state its reasons for imposing a sentence outside the sentencing guidelines raises a substantial question for review).

Our standard of review for a challenge to the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006) (citation omitted).

In imposing a sentence, the court must consider relevant statutory factors, including "the protection of the public, the gravity of an offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S.A. § 9721(b). A court has broad discretion in fashioning its sentence. *See Commonwealth v. Walls*, 926 A.2d 957, 962-63 (Pa. 2007). While the court is required to consider the sentence ranges set forth in the sentencing guidelines, it is not bound by them. *See Commonwealth v. Yuhasz*, 923 A.2d 1111, 1118 (Pa. 2007).

The court may depart from the "guidelines, if necessary, to fashion a sentence which takes into account the protection of the public, the

rehabilitative needs of the defendant, and the gravity of the particular offense as it related to the impact on the life of the victim and the community[.]" ***Commonwealth v. Eby***, 784 A.2d 204, 206 (Pa. Super. 2001) (citation omitted). If the court imposes a sentence outside the guideline ranges, it must place adequate reasons for the deviation in the record. ***See Commonwealth v. P.L.S.***, 894 A.2d 120, 129-130 (Pa. Super. 2006).

Rivera contends the trial court failed to adequately set forth appropriate reasons for imposing a sentence far in excess of the aggravating range and that even after finding the deadly weapon enhancement did not apply, the court "gave no other significant basis for continuing to impose the maximum sentence." Appellant's Brief, at 15. Further, he argues the court failed to give any explanation as to why the guideline reduction would not apply to the sentence. ***See id.***

We find Rivera's claims are completely belied by the record. The trial court very specifically set forth its reasons on the record during the initial sentencing hearing for imposing a sentence that it recognized was the maximum penalty allowed by law and was above the aggravated range[5] of the sentencing guidelines. ***See*** N.T., Sentencing Hearing, 12/11/2017, at 40. The

---

[5] Rivera has a prior record score of 4 and the offense gravity score is 11, therefore the standard range guideline was sixty to seventy-eight months plus or minus twelve. ***See*** N.T., Guilt Plea Hearing, 10/27/2017, at 2. The standard guideline range with the enhancement was seventy-eight to ninety-six months plus or minus twelve. ***See id.***, at 3-4

court listed ten specific reasons, which were also included in the special provisions portion of the sentencing sheet. These reasons included that Rivera was not allowed to be at Lopez's home at the time of the offense due to a PFA order against him; an individual was home at the time of the offense; a firefighter was injured while putting out the fire; three family pets were killed as a result of the fire; Rivera was on parole for attempted criminal homicide at the time of the offense; Lopez and their children suffered considerable loss of personal property; the target home as well as the neighboring home were damaged; people were present in the neighboring home; and finally Rivera was a poor candidate for rehabilitation given his criminal history and age. *See id.*, at 40-43. The court also noted that this was an open plea and therefore there was no agreement to a minimum or maximum sentence.

Additionally, at the hearing on Rivera's post-sentence motion, the court explicitly stated that it was leaving the original sentence intact for the specific reasons it had previously indicated on the record at the initial sentencing hearing and which were detailed in the special provisions portion of the sentencing sheet.

After careful review of the record, we find these reasons were more than sufficient for the court to impose a sentence outside the guideline range despite the absence of the enhancement. The court very clearly explained that although it would grant the motion to vacate the deadly weapon enhancement that it would not modify the sentence because the court was standing by its

decision to sentence Rivera to the statutory maximum, outside the guidelines, no matter what the standard range was. Even during the initial sentencing hearing, the court openly recognized on the record both the standard range with the enhancement as well as the standard range without the enhancement but that either way "clearly this is the maximum sentence and warranted in this case." N.T., Sentencing Hearing, 12/11/2017, at 42.

Finally, the trial court made its sentencing decision after hearing argument from both sides, including statements from the victims and the defendant, as well as after full consideration of a pre-sentence report. Where the trial court had the benefit of reviewing a pre-sentence report, we must

> presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

*Commonwealth v. Hallock*, 603 A.2d 612, 616 (Pa. Super. 1992).

As the trial court in this case had the benefit of a pre-sentence report, combined with the trial court's explicit consideration of Rivera's parole status

at the time of the offense, the gravity of the offense, and the impact on the victims, we conclude that it considered all relevant sentencing factors and offered adequate reasons on the record for deviating from the sentencing guidelines to fashion a sentence at the maximum statutory range. Therefore, we affirm the judgment of sentence.

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 5/24/2019*