J-S62012-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VIC VAUGHN | : | |
| | : | |
| Appellant | : | No. 1708 WDA 2018 |

Appeal from the Judgment of Sentence Entered October 24, 2018
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0000791-2018

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, P.J.:                FILED JANUARY 24, 2020

Vic Vaughn appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas on October 24, 2018. On appeal, Vaughn challenges the discretionary aspects of his sentence. We affirm.

The trial court summarized the factual history as follows.

On January 4, 2018, [Vaughn] was driving a vehicle in Clairton, Pennsylvania with an expired registration. Police officers activated lights and sirens and then effected a traffic stop. As [Vaughn]'s vehicle was pulling over, police officers observed [Vaughn] lifting the front of his body toward the roof of the vehicle and moving around inside the vehicle. [Vaughn] appeared to have removed something from his waistband and leaned toward the front passenger side of the vehicle. As the police officers approached the vehicle, they observed [Vaughn] attempting to replace a part of the console of the vehicle. [Vaughn] and his female passenger were ordered to show their hands. [Vaughn] initially refused. After being ordered to do so two more times, both occupants did show their hands. They were removed from the vehicle and a firearm was recovered from the console area. [Vaughn] was transported to the Clairton Police Department where he admitted that the firearm recovered from the vehicle belonged to him. The firearm

was a Glock, model 23. It had 11 rounds in the magazine and a live round in the chamber. It was reported stolen.

Trial Court Opinion, 8/8/2019, at 1-2.

Vaughn was charged with receiving stolen property, firearms not to be carried without a license, person not to possess firearms, and driving while operating privilege suspended. His counsel thereafter filed a petition for mental health evaluation, which the court granted.

On August 1, 2018, Vaughn entered a guilty plea to both firearms charges. As part of the plea, the Commonwealth withdrew the remaining charges. Sentencing was deferred for preparation of pre-sentence investigation report.

On October 24, 2018, a sentencing hearing was held. Defense counsel presented testimony from Vaughn's mother and Vaughn himself. The court also heard a plan presented by Justice Related Services, for a sentence that would address Vaughn's rehabilitative needs related to his diagnosis for PTSD from being shot multiple times in the past. After hearing from all witnesses and considering the reports submitted, the court sentenced Vaughn to three to seven years' incarceration for carrying a firearm without a license to be followed by five years' probation for unlawful possession of a firearm. Vaughn filed a post-sentence motion to modify sentence, which the court denied. This timely appeal followed.

In his sole issue on appeal, Vaughn argues the trial court abused its discretion by imposing a manifestly excessive and unreasonable sentence.

Vaughn concedes this claim challenges the discretionary aspects of his sentence. See Appellant's Brief, at 5. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." Commonwealth v. McAfee, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

Commonwealth v. Moury, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original).

Here, Vaughn preserved his issue through a timely post-sentence motion to modify sentence, and filed a timely appeal. Counsel has included the required Rule 2119(f) statement. We therefore review the Rule 2119(f) statement to determine if Vaughn has raised a substantial question.

We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists. See Commonwealth v. Tirado, 870 A.2d 362, 365 (Pa. Super. 2005). "Our inquiry must focus on the reasons for which the appeal is sought, in contrast to the facts underlying the appeal,

which are necessary only to decide the appeal on the merits." Id. (citation and emphasis omitted); see also Pa.R.A.P. 2119(f).

Vaughn "must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code." McAfee, 849 A.2d at 274 (citation omitted). That is, "the sentence violates either a specific provision of the sentencing scheme set forth in the Sentencing Code or a particular fundamental norm underlying the sentencing process." Tirado, 870 A.2d at 365. "Additionally, we cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists." Commonwealth v. Provenzano, 50 A.3d 148, 154 (Pa. Super. 2012).

In Vaughn's Rule 2119(f) statement, he claims the trial court imposed a manifestly unreasonable sentence under the circumstances of the case and failed to put adequate reasons on the record for imposing the maximum sentence. He further contends the trial court focused exclusively on the seriousness of the offense. As these claims raise a substantial question, we proceed to examine the merits of Vaughn's sentencing challenge. See Commonwealth v. Macias, 968 A.2d 773 (Pa. Super. 2009) (finding a substantial question is raised based on the failure to set forth adequate reasons for the sentence imposed and sentencing solely on the seriousness of the offense).

Our standard of review for a challenge to the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Commonwealth v. Shugars, 895 A.2d 1270, 1275 (Pa. Super. 2006) (citation omitted).

Despite Vaughn's assertions to the contrary, the court adequately explained the reasons for the sentence on the record.

> With all that good influence from your mother and from Mr. Raiford you continue to embrace the street life. This gun was loaded with 13 or 14 rounds in it and one in the chamber.
>
> Now, no sense having a gun if it's not loaded. But this also had one in the chamber just to make sure you didn't have to pull that slide back if you needed it.
>
> Even for safety's sake, for your own safety's sake, on a semiautomatic maybe you don't have one in the chamber so that you don't blow your foot off accidentally grabbing the gun by the trigger.
>
> But, no, after three prior gun possessions, including one in which you fired your firearm at the gas station, you continued to embrace the life of possessing loaded firearms on the street.
>
> [...]
>
> He is not eligible for a Boot Camp recommendation because it is necessary that this Defendant be under supervision for as long as possible to make the point to him that he cannot carry a loaded, concealed firearm, that he is not to possess a firearm.

[...]

This sentence is required to protect the Defendant and the community from his willingness to engage in the street life over and over again despite the wonderful guidance and teaching of his mother; despite the efforts of a very sincere, dedicated lawyer, Mr. Raiford, who himself spends Thursday nights counselling youth in his community.

People who are represented by Mr. Raiford, particularly those from his own community, not only get legal counsel, they get a life counselor.

Mr. Vaughn has had to ignore all of that to be standing here in handcuffs today as he is.

N.T., Sentencing Hearing, 10/24/2018, at 23-25.

Further, the trial court reviewed a pre-sentence report. Where the trial court had the benefit of reviewing a pre-sentence report, we must

presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A pre-sentence report constitutes the record and speaks for itself. In order to dispel any lingering doubt as to our intention of engaging in an effort of legal purification, we state clearly that sentencers are under no compulsion to employ checklists or any extended or systematic definitions of their punishment procedure. Having been fully informed by the pre-sentence report, the sentencing court's discretion should not be disturbed. This is particularly true, we repeat, in those circumstances where it can be demonstrated that the judge had any degree of awareness of the sentencing considerations, and there we will presume also that the weighing process took place in a meaningful fashion. It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand.

Commonwealth v. Hallock, 603 A.2d 612, 616 (Pa. Super. 1992).

Additionally, the trial court also specifically considered a plan submitted by

Justice Related Services, in which he requested Vaughn be sent to a boarding home, which would allow him to find employment and attend mental health treatment for his PTSD.

> For the record I did review the plan submitted on the defense behalf by [Justice Related Services]. I looked at his Certificate of Achievement. I have studied everything that has been presented in this case.
>
> But I do not want to read Mr. Vaughn's obituary. Because his history is he makes promises in this room, and then he goes out and he gets another gun. He's either going to kill somebody or get himself killed. He's got to stop now. That's it.

Id., at 27.

Based on our review of the record, the trial court's findings set forth above, and our standard of review, we conclude the trial court did not abuse its discretion in sentencing Vaughn to three to seven years' imprisonment, plus five years' probation. The court clearly considered the facts surrounding the offenses, as well as evidence presented as to his character and desire to change his life. The judge also noted on the record Vaughn's inability to conform to the law after numerous firearms convictions over the years. Based on its consideration of these factors, the court concluded that the public would be best protected by Vaughn receiving more supervision.

As the trial court in this case had the benefit of a pre-sentence report, combined with the trial court's explicit consideration of the witness testimony, the sentencing guidelines, and the seriousness of the offense, we conclude that it considered all relevant sentencing factors. Vaughn has failed to

establish the court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. As we find Vaughn's sole issue on appeal merits no relief, we affirm the judgment of sentence.

Judgment of sentence affirmed. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  1/24/2020