J-S23013-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATTHEW GRAHAM BRYANT | : | |
| | : | |
| Appellant | : | No. 2565 EDA 2022 |

Appeal from the Judgment of Sentence Entered August 30, 2022
In the Court of Common Pleas of Monroe County
Criminal Division at No(s):  CP-45-CR-0002302-2021

BEFORE:  PANELLA, P.J., KUNSELMAN, J., and KING, J.

MEMORANDUM BY PANELLA, P.J.:                    **FILED SEPTEMBER 7, 2023**

Matthew Graham Bryant appeals from the judgment of sentence entered in the Monroe County Court of Common Pleas on August 30, 2022, as made final by the order denying his post-sentence motion on September 12, 2022.[1] On appeal, Bryant challenges the discretionary aspects of his sentence. After careful review, we affirm.

On April 21, 2022, Bryant pled guilty to criminal trespass and theft. On August 30, 2022, the trial court sentenced Bryant to an aggregate term of twenty-eight to fifty-six months' incarceration, followed by three years'

---

[1] We note that in his notice of appeal, Bryant purports to be appealing from both of these orders. "In a criminal action, appeal properly lies from the judgment of sentence made final by the denial of post-sentence motions." ***Commonwealth v. Shamberger,*** 788 A.2d 408, 410 n. 2 (Pa. Super. 2001) (*en banc*). The caption reflects that this appeal is properly taken from the August 30, 2022 judgment of sentence.

probation. Bryant filed a post-sentence motion for reconsideration of sentence, in which he argued his sentences should be run concurrently. The trial court denied the motion. This timely appeal followed.

In his sole issue raised on appeal, Bryant argues his sentence is unreasonable, manifestly excessive and grossly disproportionate to the circumstances of the case. Bryant concedes this is a challenge to the discretionary aspects of his sentence. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original).

Here, Bryant filed a post-sentence motion to modify sentence and a timely appeal, and included the requisite Rule 2119(f) concise statement in his appellate brief. However, due to the disparity between the claims in his post-sentence motion and his appellate brief, we must determine which, if

any, of the challenges to the discretionary aspects of his sentence have been preserved for our review.

A defendant can only preserve a claim to the discretionary aspects of a court's sentence if he notes a specific objection at the sentencing hearing or in a post-sentence motion. *See id*. Bryant did not object to any aspects of his sentence at the sentencing hearing. Accordingly, to preserve a challenge to the discretionary aspects of his sentence, he was required to note specific challenges to the court's discretion in his post-sentence motion.

In his motion for reconsideration of sentence, Bryant challenged the trial court's decision to run his sentences consecutively. *See* Post-Sentence Motion, 9/9/2022, at ¶ 6. He further claimed that despite the District Attorney arguing that Bryant had a history of violence due to an incident that occurred in the jail in July 2022, he had otherwise been a model inmate up until that one incident. *See id*. at ¶ 3-5.

However, in his Rule 2119(f) statement, Bryant asserts the court "failed to give sufficient weight to the significant mitigating factors" and "did not consider any mitigating factors". Appellant's Brief, at 8. Further, Bryant asserts the court "focused on the seriousness of the crime without also considering other relevant criteria." *Id*. at 9.

Because Bryant failed to raise the instant discretionary sentencing issue in his post-sentence motion or at sentencing, we find his issue waived. *See Commonwealth v. Griffin*, 65 A.3d 932, 936 (Pa. Super. 2013) ("Objections

to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed." (citation omitted)); *see also Commonwealth v. Cartrette*, 83 A.3d 1030, 1042-43 (Pa. Super. 2013) (*en banc*) (concluding substantial question was waived for failing to raise it at sentencing or in post-sentence motion).

Even if we had not found Bryant's issue waived, we discern no abuse of the court's discretion in imposing sentence. Here, in its opinion on appeal, the trial court stated:

> First, [Bryant] did not specifically establish any mistake of law or abuse of discretion in its Motion to Reconsider Sentence, Notice of Appeal, or Statement Pursuant to Pa.R.A.P. 1925(a). [Bryant] also failed to identify, by reference to the record, the particular "legitimate mitigating factors articulated by the defendant" that he claims we did not consider.
>
> Second, [Bryant]'s sentences were below the statutory maximums. In fact, we imposed a standard range sentence on Count II. Thus, we find [Bryant]'s present claim to lie with the sentence on Count III, particularly it being run consecutive to Count II.
>
> Third, the "imposition of consecutive rather than concurrent sentences lies within the sound discretion of the sentencing court. Same is subject to the above standard for review of the other discretionary aspects of sentencing.

Trial Court Opinion, 11/29/2022, at 5-6. Further, in concluding its sentence was appropriate, the trial court explained:

> Here, we ordered a pre-sentence investigative report ["PSI"] on Bryant and guideline sentence forms ["GSF"] for each conviction. Prior to sentencing, we reviewed the PSI and meaningfully weighed the factors therein. Specifically, we took into

consideration that (1) [Bryant] has a history of drug and alcohol addiction and mental health issues; (2) Bryant was truthful with the arresting officers; (3) [Bryant]'s mother was not involved in his upbringing, his father passed when he was four years old, he lived with various members of his extended family, and he currently has no family support system; and (4) [Bryant] is presently unemployed and homeless. Further, we considered defense counsel's argument that [Bryant] "has done very well, has been productive in Monroe County [Correctional Facility], and has not had any issues, no write-ups."

On the other hand, we also took into consideration that [Bryant] (1) has a history of violent behavior, in and out of supervision; (2) "was on parole in Luzerne County, PA for aggravated assault when he committed the current offense;" and (3) committed the instant offense while in a public space, causing extensive damage to property.

Additionally, we considered the GSF for both counts. After considering the aforementioned factors, we imposed an aggravated range sentence on Count III and ordered it to run consecutively to that imposed on Count II. However, we also tailored [Bryant]'s sentence to his rehabilitative benefit by requiring him to [undergo] drug and alcohol and mental health treatment as a condition of his probation and parole. Lastly, we ordered that [Bryant] serve his sentence at a state facility due to his history of violence, even while incarcerated, being "problematic and [... not] amenable to a county correctional facility or county supervision on probation." Thus, we find [Bryant]'s claim of error to be without merit.

*Id.* at 7-8.

Contrary to Bryant's assertions, the trial court considered the mitigating circumstances Bryant claims it did not. Moreover, as the trial court specifically noted, it had the benefit of a PSI report. Where a trial court has a PSI, "it is presumed that the sentencing court was aware of the relevant information regarding defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Tirado*, 870 A.2d 362, 368

(Pa. Super. 2005) (citation and internal quotations marks omitted); ***see also***

***Commonwealth v. Hallock***, 603 A.2d 612, 616 (Pa. Super. 1992) (citation

omitted) ("It would be foolish, indeed, to take the position that if a court is in

possession of the facts, it will fail to apply them to the case at hand"). The

trial court explicitly addressed its review of the PSI report as well as the GSF

report in its opinion. ***See*** Trial Court Opinion, 11/29/2022, at 7-8.

As we find Bryant's sole issue on appeal is waived, and otherwise

without merit, we affirm the judgment of sentence.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/07/2023