J-S05005-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
   :              PENNSYLVANIA
   :
          v.            :
   :
   :
DAMION EDWARD CARTER       :
   :
       Appellant     :    No. 1576 EDA 2025

Appeal from the Judgment of Sentence Entered January 31, 2025
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0005622-2023

BEFORE:   PANELLA, P.J.E., KING, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.:          **FILED APRIL 10, 2026**

Damion Edward Carter appeals from the judgment of sentence entered in the Montgomery County Court of Common Pleas on January 31, 2025, following his entry of an open guilty plea. On appeal, Carter challenges the discretionary aspects of his sentence. After careful review, we affirm.

The factual basis for Carter's plea was based on allegations that on September 21, 2023, at around 12:15 a.m., officers from the Pottstown Police Department responded to a report of shots fired by ShotSpotter technology. Following an investigation that included surveillance video footage, as well as Carter's driver's license that was found at the scene, the police filed a criminal complaint and arrested Carter.

_____

[*] Retired Senior Judge assigned to the Superior Court.

The Commonwealth charged Carter with Count 1—persons not to possess a firearm, Count 2—receiving stolen property, and Count 3—firearms not to be carried without a license.

On July 15, 2024, the date scheduled for trial, Carter entered an open guilty plea to amended Count 1—prohibited offensive weapons, and Count 3—firearms not to be carried without a license.[1] Sentencing was deferred for preparation of a presentence investigation report ("PSI").

On January 31, 2025, the trial court sentenced Carter to an aggregate term of three and one-half to seven years' incarceration. Carter filed a post-sentence motion for reconsideration of sentence, in which he expressed his desire for a suspended sentence and a maximum fine. The trial court denied the motion. This timely appeal followed.

In his sole issue raised on appeal, Carter argues his sentence is manifestly excessive. Carter concedes this is a challenge to the discretionary aspects of his sentence. "A challenge to the discretionary aspects of a sentence must be considered a petition for permission to appeal, as the right to pursue such a claim is not absolute." *Commonwealth v. McAfee*, 849 A.2d 270, 274 (Pa. Super. 2004) (citation omitted).

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

_____

[1] 18 Pa.C.S.A. § 908, 18 Pa.C.S.A. § 6106(a)(1), respectively.

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42. Pa.C.S.A. § 9781(b).

*Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citation omitted; brackets in original).

Here, Carter filed a post-sentence motion to reconsider sentence and a timely appeal, and included the requisite Rule 2119(f) concise statement in his appellate brief. However, due to the disparity between the claims in his post-sentence motion and his appellate brief, we must determine which, if any, of the challenges to the discretionary aspects of his sentence have been preserved for our review.

A defendant can only preserve a claim to the discretionary aspects of a court's sentence if he notes a specific objection at the sentencing hearing or in a post-sentence motion. *See id*. Carter did not object to any aspects of his sentence at the sentencing hearing. Accordingly, to preserve a challenge to the discretionary aspects of his sentence, he was required to note specific challenges to the court's discretion in his post-sentence motion.

In his motion for reconsideration of sentence, Carter did not allege any specific errors committed by the trial court. Instead, Carter merely expressed his desire for a suspended sentence, explaining that "he fears a substantial

prison sentence will put him in a worse position in life following release." Post-Sentence Motion to Reconsider Sentence, 2/6/25, at 3.

However, in his Rule 2119(f) statement, Carter now asserts that the trial court failed to consider mitigating factors, and erred in considering that the Commonwealth downgraded Count 3 from a felony to a misdemeanor, and argues the court imposed a manifestly excessive sentence by sentencing him to the statutory maximums. **See** Appellant's Brief, at 12-13.

Because Carter failed to raise arguments supporting the instant discretionary sentencing issue in his post-sentence motion or at sentencing, we find his issue waived. **See Commonwealth v. Griffin**, 65 A.3d 932, 936 (Pa. Super. 2013) ("Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed." (citation omitted)); **see also Commonwealth v. Cartrette**, 83 A.3d 1030, 1042-43 (Pa. Super. 2013) (*en banc*) (concluding substantial question was waived for failing to raise it at sentencing or in post-sentence motion).

Even if Carter's issues were not waived, we discern no abuse of the court's discretion in imposing sentence. Here, in its opinion on appeal, the trial court stated:

> Instantly, as stated at sentencing, the court reviewed the evidence from the guilty plea hearing. The court also explained that it had read the PSI report and the PPI evaluation as well as the Sentencing Guidelines and, therefore, it can be assumed that the court properly considered and weighed all relevant factors. The court painstakingly set forth the requirements under the

> Sentencing Code and his review and application of the facts and circumstances as they pertain to [Carter]. The court also took [Carter]'s allocution statement, his acceptance of responsibility, and counsels' arguments into consideration. Finally, the court fashioned a sentence at the bottom of the standard range under Count 3 and imposed a concurrent sentence on Count 1. The court properly exercised its discretion in sentencing [Carter] and in denying the motion to reconsider that sentence.

Trial Court Opinion, 8/14/25, at 7.

Contrary to Carter's assertions, the trial court considered the mitigating circumstances Carter claims it did not. Moreover, as the trial court specifically noted, it had the benefit of a PSI report. Where a trial court has a PSI, "it is presumed that the sentencing court was aware of the relevant information regarding defendant's character and weighed those considerations along with mitigating statutory factors." **Commonwealth v. Tirado**, 870 A.2d 362, 368 (Pa. Super. 2005) (citation and internal quotations marks omitted); **see also Commonwealth v. Hallock**, 603 A.2d 612, 616 (Pa. Super. 1992) (citation omitted) ("It would be foolish, indeed, to take the position that if a court is in possession of the facts, it will fail to apply them to the case at hand"). The trial court explicitly addressed its review of the PSI report as well as the PPI evaluation in its opinion. **See** Trial Court Opinion, 8/14/25, at 7.

As we find Carter's sole issue on appeal is waived, and otherwise without merit, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>4/10/2026</u>